UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Case No. 17-CV-05507 (AKH)
CLAUDINNE FELICIANO,
Individually and on behalf of all others
similarly situated,

                  Plaintiff,                          FIRST AMENDED
                                                        CLASS ACTION
       -against-                            COMPLAINT

CORELOGIC SAFERENT, LLC,
a/k/a CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC,

                  Defendant.
------------------------------------------------------------x

       Plaintiff **CLAUDINNE FELICIANO** ("Plaintiff or "Ms. Feliciano"), individually and on behalf of all others similarly situated, files this First Amended Class Action Complaint (the "Complaint") against Defendant **CORELOGIC SAFERENT, LLC** ("Defendant" or "CoreLogic") seeking all available relief, including statutory and punitive damages, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and under the New York Fair Credit Reporting Act ("NYFCRA"), General Business Law ("GBL"), Art. 25, § 380, *et seq.*, and alleges, upon information and belief, except those allegations which directly relate to Plaintiff herself, which are alleged upon personal knowledge, as follows:

### PRELIMINARY STATEMENT

       1.      Ten years ago, United States District Judge for the Southern District of

New York Lewis Kaplan approved a class action settlement against CoreLogic's corporate predecessor, First American Registry, Inc. ("First American"). In doing so, he succinctly described the case and the nature of then-First American's business and now-CoreLogic's business as follows:

> this lawsuit arises by reason of the nature of defendants' business, which consists of selling landlords the opportunity to consult a list of individuals who have been involved in landlord-tenant litigation. As defendants doubtless well understand, risk averse landlords are all too willing to use defendants' product as a blacklist, refusing to rent to anyone whose name appears on it regardless of whether the existence of a litigation history in fact evidences characteristics that would make one an undesirable tenant. Thus, defendants have seized upon the ready and cheap availability of electronic records to create and market a product that can be, and probably is, used to victimize blameless individuals. The problem is compounded by the fact that the information available to defendants from the New York City Housing Court ("NYCHC") is sketchy in the best of cases and inaccurate and incomplete in the worst. Any failure by defendants to ensure that the information they provide is complete, accurate, and fair heightens the concern -- and there has been ample reason for heightened concern.

*White v. First Am. Registry, Inc.*, 04 Civ. 1611, 2007 U.S. Dist. LEXIS 18401, 2007 WL 703926, at *3-4 (S.D.N.Y. Mar. 7, 2007) ("*White*") (footnote omitted).

2. First American (now CoreLogic) has not learned since *White*. Despite some immaterial changes in the way it does business, CoreLogic has continued purchasing electronic records from the New York State Office of Court Administration ("OCA") about proceedings brought before various housing courts in New York

2

("Housing Court Proceedings")1 and is still failing to ensure that the information it compiles from those records (and then sells commercially to landlords, real estate companies and the like) is complete, accurate or fair – that is to say, that it fails to ensure that the credit reports it sells comply with the requirements of the FCRA and the NYFCRA. Accordingly, it is still creating, in Judge Kaplan's words, "blameless victims", such as the Plaintiff herein and numerous others like her.

3. In short (as set forth in detail below), CoreLogic's reports – which constitute "credit reports" within the ambit of the FCRA and the NYFCRA – inaccurately describe the "disposition" of many Housing Court proceedings as "CASE FILED" even where such proceedings had already been dismissed, discontinued or withdrawn or otherwise resolved favorably to the consumers, months, if not years, earlier. These inaccuracies create erroneous and negative inferences about the consumers thus causing the credit reports to be materially false, misleading and injurious to consumers for the very reasons set forth by Judge Kaplan a decade ago.

4. CoreLogic's routine failure and refusal to report current, complete and accurate dispositions of Housing Court Proceedings contravenes its clear and unequivocal legal obligations under the FCRA and the NYFCRA, and has been

---

1 Upon information and belief, First American Registry began purchasing the electronic data feed from OCA containing certain information about Housing Court cases brought in various parts of New York State in or about 2002. Thereafter, CoreLogic continued that practice through at least July 2017, although, upon information and belief, it may be scheduled to end the practice on or about August 18, 2017.

3

undertaken in knowing and reckless disregard of those legal obligations, a knowledge and recklessness compounded by the existence of the prior *White* lawsuit and CoreLogic's failure to comply with the settlement terms of that case.

5. Plaintiff brings this action seeking monetary relief on behalf of herself and the many other consumers who have been harmed by Defendant's utter disregard for complying with the dictates of the laws that govern its business.

## PARTIES

6. Ms. Feliciano is a natural person over the age of eighteen years residing in the County of Queens and the State of New York.

7. Ms. Feliciano is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) and GBL § 380-a(b).

8. CoreLogic a/k/a CoreLogic Rental Property Solutions, LLC is a Delaware corporation whose principal place of business is located at Park Plaza 1, Suite 400, 2101 Gaither Road, Rockville, Maryland. CoreLogic regularly does business in this District and is authorized to do business in New York State as a foreign corporation.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 1332(d) (the Class Action Fairness Act) in that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least 100 members of the

4

proposed class, and at least one member of the class is a citizen of a different state than Defendant. Further, greater than two-thirds of the members of the Class reside in states other than the states in which Defendant is a citizen.

10.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insofar as the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Venue is also proper in this District since the Defendant can be found in, has agents in and/or transacts business in this District.

## CLASS ALLEGATIONS

11.  This action is brought, and may properly be maintained as, a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Plaintiff brings this action on behalf of herself and all members of the following class (the "Class"):

> All persons who within two years prior to the commencement of this action (1) were the subject of a credit report prepared by CoreLogic; (2) prior to the issuance of the credit report, were a party in a Housing Court Proceeding filed in a New York State court, which had a disposition of dismissed, discontinued or withdrawn; and (3) the CoreLogic credit report referenced the Housing Court Proceeding but failed to include such disposition.

12.  Excluded from the Class is the Defendant, any entity in which defendant has a controlling interest and any of its subsidiaries, affiliates and officers, directors, employees and agents as well as any person named in any such proceeding as a landlord or property owner.

13. The requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are met in that:

    a. Rule 23(a)(1) Numerosity - The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff believes that there are at least thousands of members of the Class, as described above, although the exact number and identity of individual class members is presently unknown and can only be ascertained through appropriate discovery.

    b. Rule 23(a)(2) Commonality - There are no individual issues in this case. All of the legal and factual issues in this class action are common to each proposed class member; including:

        i. Whether CoreLogic is a credit reporting agency within the meaning of the FCRA and the NYFCRA;

        ii. Whether CoreLogic has maintained consumer records with respect to Housing Court Proceedings and, if so, whether CoreLogic has willfully failed, and continues to willfully fail, to maintain policies and procedures for ensuring that those records are not used to create or prepare consumer reports which fail to include the disposition of such proceedings;

      iii.    Whether CoreLogic has prepared, and continues to prepare, consumer reports for sale or provision to third-parties Housing Court Proceedings without maintaining policies and procedures for ensuring that those reports are accurate, complete and not misleading;

      iv.    Whether CoreLogic's actions have violated, and continue to violate, 15 U.S.C. § 1681e(b), and/or subsections (a)(3) and (e) of New York General Business Law § 380-j and New York General Business Law § 380-k;

      vi.    Whether CoreLogic's alleged violations of law have been willful; and

      viii.    Whether Plaintiff and the Class are entitled to statutory and punitive damages as a result of CoreLogic's alleged willful violations of law;

    c.    Rule 23(a)(3) Typicality - Plaintiff's claims are typical of the proposed class members' claims inasmuch as all such claims arise out of CoreLogic's alleged failure to insure that the consumer reports it prepares include the accurate and non-misleading disposition of Housing Court Proceedings;

    d.    Rule 23(a)(4) Adequacy of Representation - Plaintiff can and will fairly and adequately represent and protect the interests of the proposed

class. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel with substantial experience in representing plaintiffs in class actions and consumer litigation, including actions brought under the FCRA and the NYFCRA as well as tenants in eviction proceedings. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

14. Without the representation provided by Plaintiff, and without this action proceeding on a class-wide basis, CoreLogic will not change its wrongful conduct and ongoing practices and virtually no proposed class member would be able to obtain the relief sought herein because the claims are unknown to most consumers, and, even if known, are cost prohibitive to pursue because of the burden and expense of showing the systematic and regular nature of its failure to comply with applicable law.

15. Rule 23(b)(3) - Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to class members predominate over any possible questions affecting only individual class members and a class action is superior to other available methods for fairly and efficiently adjudicating this matter.

## FACTUAL ALLEGATIONS

### CoreLogic's Business Model

16.     CoreLogic is a credit reporting agency that, *inter alia*, sells credit reports to landlords pertaining to individuals who have filed applications to rent residential housing.

17.     The reports prepared and sold by CoreLogic are "consumer reports" as defined by both the FCRA, 15 U.S.C. § 1681a(d), and the NYFCRA, GBL § 380-a(c). Thus, CoreLogic is a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f), and the NYFCRA, GBL § 380-a(e).

18.     Since at least 2002 and continuing through today, CoreLogic, and its predecessor First American, has had a contractual agreement with the OCA which permits it to purchase and obtain certain minimal information, in electronic form, about Housing Court proceedings filed against tenants in various New York Housing Courts.

19.     Almost all of the data CoreLogic purchased from OCA pursuant to its contract consists of information about proceedings brought by landlords seeking to evict a tenant or occupant of residential property pursuant to New York Real Property Actions and Proceedings Law, Art. 7 alleging either non-payment of rent or a holding over after the termination of a tenancy (the "Housing Court Proceedings"). CoreLogic obtains OCA data about Housing Court Proceedings in electronic form from a data feed issued by OCA on a daily basis each day that the courts are in session.

20. CoreLogic archives the data it obtains from OCA about Housing Court Proceedings in its own computer system.

21. The Housing Court Proceeding data purchased by CoreLogic contains information about such proceedings from the time each proceeding is filed as well as updates in such proceedings the next business day after they occur.

22. When one of CoreLogic's subscribers, who are generally landlords, real estate management companies, and real estate brokers, requests information about an applicant seeking to rent residential housing, CoreLogic then prepares a consumer report using data it previously purchased from OCA and then sells the report to its subscriber.

23. CoreLogic does not, as a routine policy and practice, when preparing consumer reports, request, purchase, or obtain copies of any actual documents filed in the New York Housing Court in connection with any proceeding before it.

24. CoreLogic does not, as a routine policy and practice, when preparing consumer reports, send an employee, agent or representative to the office of any New York Housing Court, or any other location maintained by New York State's Unified Court System, to view any court files or documents filed with that court.

25. In preparing consumer reports, continuing through at least the present date CoreLogic's routine policy and practice has been to use the Housing Court Proceedings electronic data from OCA.

10

26. Despite receiving such information, which includes updated information and information as to dispositions, on a regular basis, CoreLogic has not had, and today continues to not have, a routine practice or policy to incorporate full and accurate and non-misleading disposition information about Housing Court Proceedings when preparing consumer reports. CoreLogic's reports state as to the "disposition" of many Housing Court proceedings as "CASE FILED" even where such proceedings had already been dismissed, discontinued or withdrawn or otherwise resolved favorably to the consumer, months, if not years, earlier. Accordingly, the accurate and updated case disposition information provided by the OCA, and regularly obtained by CoreLogic, has not been, and is not, regularly or routinely incorporated into the consumer reports CoreLogic has provided or continues to provide to its customers.

27. As a further result, the actual and accurate status of thousands of ongoing Housing Court proceedings has not been, and is not, reflected in the consumer reports CoreLogic creates and prepares for its subscribers, thereby causing injury to the consumers who are the subject of the CoreLogic reports.

28. In the *White* lawsuit, CoreLogic's predecessor, First American, agreed to discontinue reporting the "Disposition" of New York City Housing Court proceedings simply as "CASE FILED" where it had been discontinued, withdrawn or dismissed and to report the actual disposition of the proceeding.

29. As a result of its knowledge of its responsibilities under the FCRA, and its

11

conscious or knowing disregard of such responsibilities, CoreLogic willfully failed to comply with § 1681e(b) as to plaintiff and the Class.

### Allegations Specific to Ms. Feliciano

30.　From in or about 2010 until 2015 Ms. Feliciano resided at 27 West 16th Street, Apt. 3A, NY, NY (the "West 16th St. Apartment") as the tenant pursuant to a written lease with FM United, LLC, ("FM"), the owner and landlord of the subject building.

31.　On or about September 25, 2014 FM, through its attorneys Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. ("BGANG") commenced a summary non-payment proceeding against Ms. Feliciano in the New York City Housing Court alleging that she owed rent and legal fees in the total amount of $5095.28. (*FM United, LLC v. Feliciano*, Index No. L&T 79004/14) (the "2014 Housing Court Proceeding"2).

32.　Fourteen days later, on October 7, 2014, before Ms. Feliciano responded to the 2014 Housing Court Proceeding, and realizing that the rent alleged in the 2014 Housing Court proceeding had previously been paid, BGANG unilaterally filed a Notice of Discontinuance, dated October 2, 2014, with the clerk of the Housing Court, thereby ending the proceeding.　(Attached hereto as Exhibit 1)

33.　In or about August 2015, Plaintiff voluntarily vacated the West 16th Street Apartment.

---

2 Plaintiff had a prior Housing Court case but it is not relevant here as it was not referenced in any credit report issued by Defendant.

34. Thereafter, Ms. Feliciano submitted an application for the "80-20 Lottery" administered by the City of New York whereby individuals can apply to rent an apartment in a newly constructed building.

35. Approximately nine months later, Ms. Feliciano received notification that her lottery application had been selected and submitted to Hunters Point Common, ("Hunters Point") a housing development located in Long Island City, New York.

36. In late July 2015 Ms. Feliciano received a written notice by mail from CoreLogic, dated July 22, 2015, advising that information pertaining to the 2014 Housing Court Proceeding had been provided to "Hunters Point South Commons-NHOP" (the "CoreLogic Notice") (Attached as Exhibit 2).

37. The CoreLogic Notice references the 2014 Housing Court Proceeding and provides a minimal amount of information about it.

38. The CoreLogic Notice contains various categories of information about the 2014 Housing Court Proceeding.

39. The category labeled "Disposition" states simply "CASE FILED." (*See* Exhibit 2).

40. The CoreLogic Notice makes no reference whatsoever to the fact that the 2014 Housing Court Proceeding was discontinued by the landlord over nine months earlier.

41. CoreLogic provided the same "CASE FILED" "disposition" of the 2014

Housing Court Proceeding in the consumer report it provided directly to Hunters Point.

42. CoreLogic did not, at any time, advise Hunters Point that the 2014 Housing Court Proceeding had been discontinued by the landlord only nine days after it was filed.

43. Instead, CoreLogic advised Hunters Point that the "disposition" of the 2014 Housing Court Proceeding was simply "CASE FILED."

44. By letter dated July 27, 2015, Hunters Point advised Ms. Feliciano that her application was rejected and that the decision to do so was "based on information contained in consumer report(s) obtained from or through CoreLogic SafeRent, LLC...."

## AS AND FOR A FIRST CAUSE OF ACTION
### (For Violation of the FCRA, 15 U.S.C. § 1681e(b))

45. Plaintiff repeats and realleges each paragraph set forth above as if fully set forth herein.

46. 15 U.S.C. § 1681e(b) provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

47. When preparing consumer reports, including those pertaining to the plaintiff and to the Class, CoreLogic has lacked, and today continues to lack, any reasonable procedures to assure the maximum possible accuracy of the information concerning the individuals about whom the reports relate. Accordingly, CoreLogic's

14

activities have violated, and today continue to violate, 15 U.S.C. § 1681e(b).

48.  CoreLogic's use of the term "CASE FILED" to describe the "Disposition" of Housing Court Proceedings, where such proceedings were previously discontinued, dismissed, withdrawn or otherwise resolved favorably to the person named in the proceeding, is materially inaccurate, false, deceptive, misleading and incomplete.

49.  As a result of CoreLogic's violation of § 1681e(b), Plaintiff, and the members of the Class, suffered concrete harm and injury-in-fact within the meaning of Article III of the United States Constitution.

50.  Plaintiff, and the Class she seeks to represent, are entitled to recover statutory damages in amount not less than $100 or more than $1,000 pursuant to 15 U.S.C. § 1681n.

51.  In addition, order to punish such conduct by CoreLogic, and to deter CoreLogic and others from engaging in similar practices hereafter, Plaintiff, and the Class she seeks to represent, are entitled to an award of punitive damages, pursuant to 15 U.S.C. § 1681n, in an amount to be determined by the trier of fact.

52.  In addition, Plaintiff, and the Class she seeks to represent, are entitled an award of statutory attorney's fees pursuant to 15 U.S.C. § 1681n, as well as the other relief set forth in the Prayer for Relief below.

### AS AND FOR A SECOND CAUSE OF ACTION
(For Violation of the NYFCRA, General Business Law §§ 380-j and 380-k)

53.  Plaintiff repeats and realleges each allegation set forth in paragraphs 1-44,

above, as if fully set forth herein.

54. Section 380-j(a), of the New York General Business Law provides that:

> No consumer reporting agency shall report or maintain in the file on a consumer, information:
>
> ...
>
> (3) which it has reason to know is inaccurate.

55. Section 380-j(e) of the New York General Business Law, in turn, provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

56. Section 380-k of the New York General Business Law, in turn, provides:

> Every consumer or reporting agency shall maintain reasonable procedures designed to avoid violations of sections three hundred eighty-b and three hundred eighty-j of this article....

57. CoreLogic knew, or reasonably shown have known, and today knows or reasonably should know, that its reporting of Housing Court Proceedings was materially inaccurate, false, deceptive, misleading and incomplete.

58. As a result of its knowledge of its responsibilities under the NYFCRA, and its conscious or knowing disregard of such responsibilities, CoreLogic willfully failed to comply with GBL §§ 380-j and 380-k.

59. When preparing consumer reports, including those pertaining to the Plaintiff and to the Class, CoreLogic has lacked, and today continues to lack, any reasonable procedures to assure the maximum possible accuracy of the information

16

concerning the individuals about whom the reports relate.

60. CoreLogic's failure to comply with GBL §§ 380-j 380-k as to the Plaintiff and the members of the Class has been willful.

61. In order to punish such conduct by CoreLogic, and to deter CoreLogic and others from engaging in similar practices hereafter, Plaintiff and the Class are entitled to an award of punitive damages, pursuant to GBL § 380-l, in an amount to be determined by the trier of fact.

62. Plaintiff and the Class are entitled to an award of statutory attorney's fees pursuant to GBL § 380-l as well as the other relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, demands judgment against CoreLogic as follows:

a. Certifying the Class, as requested herein, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

b. Entering judgment on behalf of Plaintiff and the Class, for statutory damages in an amount not less than $100 and not more than $1,000, pursuant to 15 U.S.C. §1681n;

c. Entering judgment on behalf of Plaintiff and the Class, for punitive damages,

   in an amount to be determined by trier of fact, pursuant to 15 U.S.C. §1681n and/or GBL § 380-l;

d. Entering judgment on behalf of Plaintiff and the Class, for attorney's fees, in an amount to be determined by the Court, pursuant to 15 U.S.C. §1681n and/or GBL § 380-l;

e. Entering judgment awarding Plaintiff the costs of this action, including expenses, disbursements and expert costs and fees and other recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

f. Awarding such other and further relief as the Court deems just and proper.

**[BALANCE OF PAGE INTENTIONALLY BLANK]**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
August 9, 2017

                                              Respectfully submitted,

                                              _____
                                              James B. Fishman
                                              FISHMAN ROZEN, LLP
                                              305 Broadway
                                              Suite 900
                                              New York, New York   10007
                                              (212) 897-5840
                                              *www.tenantslaw.net*

                                              Seth R. Lesser
                                              Alexis Castillo
                                              KLAFTER OLSEN & LESSER LLP
                                              Two International Drive
                                              Suite 350
                                              Rye Brook, New York   10573
                                              (914) 934-9200
                                              *www.klafterolsen.com*

                                              Andrew Bell
                                              LOCKS LAW FIRM PLLC
                                              800 Third Avenue, 11th Floor
                                              New York, New York   10022
                                              (212) 838-3333
                                              *www.lockslaw.com*

                                              *Attorneys for the Plaintiff*