**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X
                                                          :

CLAUDINNE FELICIANO,                           :

                                               :    Case No. 17-CV-05507 (AKH)

                           Plaintiff,          :

                                             :

                    -against-             :

                                             :

CORELOGIC SAFERENT, LLC,                :
a/k/a CORELOGIC RENTAL PROPERTY     :
SOLUTIONS, LLC,                       :

                                             :

                         Defendant.     :

                                             :
--------------------------------------------------------------------------X

### <u>DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT</u>

      Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, submits the following Answer to Plaintiff's First Amended Class Action Complaint (the "Complaint").

      RPS denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint, including but not limited to the preamble preceding the numbered paragraphs on the first page of the Complaint.

### PRELIMINARY STATEMENT

      1.      The allegations set forth in paragraph 1 of the Complaint refer to a prior judicial decision, which speaks for itself.  To the extent the allegations vary from that decision, the allegations are denied.  Responding further, RPS denies the allegations in paragraph 1 of the Complaint to the extent they attempt to characterize its processes at issue in this action.  RPS denies any remaining allegations in paragraph 1 of the Complaint.

      2.      RPS denies the allegations contained in paragraph 2 of the Complaint.

      3.      RPS denies the allegations contained in paragraph 3 of the Complaint.

4.     RPS denies the allegations contained in paragraph 4 of the Complaint.

5.     RPS denies the allegations of paragraph 5 of the Complaint.

## PARTIES

6.     RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 6 of the Complaint and, therefore, denies the same.

7.     Paragraph 7 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 7 are contrary to law, they are denied.

8.     RPS admits that it is a Delaware corporation that conducts business in the State of New York.  RPS denies the remaining allegations in paragraph 8.

## JURISDICTION AND VENUE

9.     Paragraph 9 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 9 are contrary to law, they are denied.

10.     Paragraph 10 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

## CLASS ALLEGATIONS

11.     In response to Paragraph 11 of the Complaint, RPS admits that Plaintiff purports to bring this action on behalf of a class.  RPS further admits that Plaintiff purports to define the class as stated in paragraph 11 of the Complaint.  RPS denies that this matter may be properly maintained against it as a class action.  RPS denies the remaining allegations of Paragraph 11 of this Complaint.

12.     In response to Paragraph 12 of the Complaint, RPS admits that Plaintiff purports to bring this action on behalf of a class.  RPS further admits that Plaintiff purports to define the class as stated in paragraph 12 of the Complaint.  RPS denies that this matter may be properly maintained against it as a class action.  RPS denies the remaining allegations of Paragraph 12 of this Complaint.

13.     Paragraph 13 of the Complaint states a legal conclusion that is not subject to admission or denial.  RPS denies that that this matter may properly be maintained against RPS as a class action, or that Plaintiff can satisfy the required elements of Fed. R. Civ. P. 23(b)(3).  RPS denies the remaining allegations contained in paragraph 13 of the Complaint, including subparts a-d.

14.     RPS denies the allegations contained in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint states a legal conclusion that is not subject to admission or denial.  RPS denies that that this matter may properly be maintained against RPS as a class action.  RPS denies the remaining allegations contained in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

### Alleged Business Model

16.     RPS admits that it sells reports about individuals within the United States, and that its reports can contain certain public records that might be used by landlords in considering applications for apartment leases.  RPS denies the remaining allegations in paragraph 16 of the Complaint.

17.     The allegations in paragraph 17 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 17 are contrary to law, they are denied.

18.     RPS denies the allegations contained in paragraph 18 of the Complaint.

19.     In response to paragraph 19, RPS admits that, historically, it has obtained certain records of housing court proceedings to the extent made available by the applicable New York courts.  RPS further states that such records speak for themselves, including as to the nature of the underlying proceeding.  RPS denies the remaining allegations in paragraph 19.

20.     In response to paragraph 20, RPS admits that it maintains internal archives of certain records of housing court proceedings to the extent made available by the applicable New York courts.  RPS denies the remaining allegations in paragraph 20.

21.     In response to paragraph 21, RPS admits that, historically, it has obtained certain records of housing court proceedings to the extent made available by the applicable New York courts.  RPS further states that such records speak for themselves.  RPS denies the remaining allegations in paragraph 21.

22.     RPS admits that it makes available information that may be used by landlords in considering applications for apartment leases, and that such information may include certain records of housing court proceedings to the extent made available by the applicable New York courts.  RPS denies the remaining allegations in paragraph 22 of the Complaint.

23.     RPS denies the allegations contained in paragraph 23 of the Complaint.

24.     RPS denies the allegations contained in paragraph 24 of the Complaint.

25.     In response to paragraph 25, RPS admits that, historically, it has retrieved certain records of housing court proceedings to the extent made available by the applicable New York courts.  RPS denies the remaining allegations in paragraph 25.

26.     RPS denies the allegations contained in paragraph 26 of the Complaint.

27.     RPS denies the allegations contained in paragraph 27 of the Complaint.

28.     The allegations set forth in paragraph 28 of the Complaint refer to documents from a prior civil action, which speak for themselves.  To the extent the allegations vary from those documents, the allegations are denied.  RPS denies any remaining allegations set forth in paragraph 28 of the Complaint.

29.     RPS denies the allegations contained in paragraph 29 of the Complaint.

<strong>Allegations Specific to Ms. Feliciano</strong>

30.     RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30 of the Complaint and, therefore, denies the same.

31.     The allegations set forth in paragraph 31 of the Complaint refer to documents from a civil action, which speak for themselves.  To the extent the allegations vary from those documents, the allegations are denied.  Otherwise RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 31 of the Complaint and, therefore, denies the same.

32.     The allegations set forth in paragraph 32 of the Complaint refer to documents from a court proceeding, which speak for themselves.  To the extent the allegations vary from those documents, the allegations are denied.  Otherwise, RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33.     RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 33 of the Complaint and, therefore, denies the same.

34.     RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 34 of the Complaint and, therefore, denies the same.

35.     RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36.     The allegations set forth in paragraph 36 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

37.     The allegations set forth in paragraph 37 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

38.     The allegations set forth in paragraph 38 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

39.     The allegations set forth in paragraph 39 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

40.     The allegations set forth in paragraph 40 of the Complaint refer to documents, which speak for themselves.  To the extent the allegations vary from those documents, the allegations are denied.

41.     The allegations set forth in paragraph 41 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

42.     The allegations set forth in paragraph 42 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

43.     The allegations set forth in paragraph 43 of the Complaint refer to a document, which speaks for itself.  To the extent the allegations vary from the document, the allegations are denied.

44.     RPS lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 44 of the Complaint and, therefore, denies the same.

**FIRST CLAIM**
**(Alleged Violation of the FCRA, 15 U.S.C. § 1681e(b))**

45.     In response to the allegations contained in paragraph 45 of the Complaint, RPS incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

46.     Paragraph 46 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 46 are contrary to law, they are denied.

47.     RPS denies the allegations contained in paragraph 47 of the Complaint.

48.     RPS denies the allegations contained in paragraph 48 of the Complaint.

49.     RPS denies the allegations contained in paragraph 49 of the Complaint.

50.     RPS denies the allegations contained in paragraph 50 of the Complaint.

51.     RPS denies the allegations contained in paragraph 51 of the Complaint.

52.     RPS denies the allegations contained in paragraph 52 of the Complaint.

**SECOND CLAIM**
**(Alleged Violation of the NYFCRA, General Business Law §§ 380-j and 380-k)**

53.     In response to the allegations contained in paragraph 53 of the Complaint, RPS incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

54.     Paragraph 54 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 54 are contrary to law, they are denied.

55.     Paragraph 55 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 55 are contrary to law, they are denied.

56.     Paragraph 56 of the Complaint states a legal conclusion that is not subject to denial or admission.  To the extent that the allegations in paragraph 56 are contrary to law, they are denied.

57.     RPS denies the allegations contained in paragraph 57 of the Complaint.

58.     RPS denies the allegations contained in paragraph 58 of the Complaint.

59.     RPS denies the allegations contained in paragraph 59 of the Complaint.

60.     RPS denies the allegations contained in paragraph 60 of the Complaint.

61.     RPS denies the allegations contained in paragraph 61 of the Complaint.

62.     RPS denies the allegations contained in paragraph 62 of the Complaint.  RPS further denies the allegations contained in the WHEREFORE clause, including subsections a-f, immediately following paragraph 62 of the Complaint.

63.     RPS denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RPS bears the burden of proof as to any of them, RPS asserts the following defenses.  RPS intends to rely on any additional defenses that become available or apparent

during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

### FIRST ADDITIONAL DEFENSE
#### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against RPS and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND ADDITIONAL DEFENSE
#### (Truth/Accuracy Of Information)

Plaintiff's claims fail to the extent that they are barred because all information that RPS communicated to any third person regarding Plaintiff was true.

### THIRD ADDITIONAL DEFENSE
#### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, RPS acted in good faith and complied fully with the FCRA and the NYFCRA.

### FOURTH ADDITIONAL DEFENSE
#### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which RPS continues to deny, were the result of acts or omissions of third persons over whom RPS had neither control nor responsibility.

### FIFTH ADDITIONAL DEFENSE
#### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### SIXTH ADDITIONAL DEFENSE
**(Punitive Damages)**

Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages.

### SEVENTH ADDITIONAL DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

### EIGHTH ADDITIONAL DEFENSE
**(Impropriety as a Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### NINTH ADDITIONAL DEFENSE
**(Due Process – Individualized Defenses)**

Plaintiff and the putative class members cannot recover from RPS as a class action to the extent to which such class recovery would deprive RPS of its due process rights to assert individualized defenses to claims of class members.

## TENTH ADDITIONAL DEFENSE
### (Due Process – Fifth and Eighth Amendments)

Plaintiff cannot recover from RPS individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

## ELEVENTH ADDITIONAL DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

## TWELFTH ADDITIONAL DEFENSE
### (Right to Assert Additional Defenses)

RPS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, CoreLogic RPS, LLC, requests that the Court enter an order: (1) dismissing with prejudice the Complaint; (2) awarding Defendant its costs and expenses incurred herein; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

Dated:  October 2, 2017                                      */s/ Amanda L. Genovese*_____
New York, New York                                        Amanda L. Genovese

                                                          **TROUTMAN SANDERS LLP**
                                                          *Attorneys for Defendant*