**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------- X

**CLAUDINNE FELICIANO,**
individually and on behalf of all others
similarly situated,

      **Plaintiff,**

  -against-                                    **1:17-CV-5507 (AKH)**

**CORELOGIC RENTAL PROPERTY**
**SOLUTIONS, LLC,**

      **Defendant.**          X
-------------------------------------------------------------------------------

**DEFENDANT'S NON-CONFIDENTIAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL CERTAIN INFORMATION AND DOCUMENTS CONTAINED IN <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

## TABLE OF CONTENTS

Page

PROCEDURAL BACKGROUND ........................................................................................... 1
    I.     The procedural context and the confidential information at issue ......................... 1
    II.    The limited categories of information and documents that RPS seeks to maintain under seal ................................................................................................. 2

ARGUMENT .................................................................................................................................. 3
    I.     The applicable legal standard for filing under seal ............................................... 3
    II.    The narrow category of documents at issue and related deposition testimony should be placed under seal due to the countervailing interests of RPS ...................................................................................................................... 4
         A.     The Court should maintain under seal the data regarding RPS's historical generation of background screening reports on third-party consumers ................................................................................................. 4
         B.     Documents and deposition passages discussing RPS's collection of New York housing court records and related strategy ................................ 5
         C.     Information regarding the operation of RPS's ScorePLUS product and algorithm should remain under seal ...................................................... 7
         D.     Testimony regarding the structure of RPS's databases, their searchability, and the volume of RPS's reporting should be maintained under seal ............................................................................................................ 8
         E.     The testimony designated as confidential by third-party LexisNexis should be placed under seal pending further response from that party ......................................................................................................................... 9
    III.   RPS's sealing requests are narrowly tailored and no broader than necessary ................................................................................................................. 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barkley v. Pizza Hut of Am., Inc.*,
 Case No. 6:14-cv-376, 2015 U.S. Dist. LEXIS 137682 (M.D. Fl. Oct. 8, 2015) ......................4

*Bauer Bros. LLC v. Nike, Inc.*,
 No. 09cv500, 2012 U.S. Dist. LEXIS 72862 (S.D. Cal. May 24, 2012) ..................................8

*Buzoiu v. Risk Mgmt. Alternatives, Inc.*,
 No. 03-3579, 2004 U.S. Dist. LEXIS 11838 (E.D. Pa. Apr. 5, 2004) ......................................6

*In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*,
 269 F.R.D. 468 (E.D. Pa. 2010)................................................................................................5

*Cohen v. Gerson Lehrman Group, Inc.*,
 No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510 (S.D.N.Y. Sept. 15, 2011) ........................3

*Crum & Crum Enters. v. NDC of Cal.*,
 No. 09-145, 2011 U.S. Dist. LEXIS 24690 (D. Del. Mar. 11, 2011) .......................................3

*Encyclopedia Brown Prods. v. Home Box Office*,
 26 F. Supp. 2d 606 (S.D.N.Y. 1998)........................................................................................9

*Gelb v. American Tel. Co.*,
 813 F. Supp. 1022 (S.D.N.Y. 1993).................................................................................6, 8, 9

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
 769 F. Supp. 2d 630 (S.D.N.Y. 2011)......................................................................................5

*Hart v. U.S. Bank NA*,
 2013 U.S. Dist. LEXIS 160147 (D. Ariz. Nov. 8, 2013)..........................................................7

*Hesse v. Sungard Sys. Int'l*,
 No. 12-1990, 2013 U.S. Dist. LEXIS 7289 (S.D.N.Y. Jan. 14, 2013) .....................................7

*Hill v. Xerox Corp.*,
 No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 47949 (W.D. Wash. Apr. 7, 2014).....................6

*Intel Corp. v. VIA Techs., Inc.*,
 198 F.R.D. 525 (N.D. Cal. 2000)..............................................................................................6

*Lugosch III v. Pyramid Co. of Onondaga*,
 435 F.3d 110 (2d Cir. 2006)......................................................................................................3

-iii-

*Melito v. Am. Eagle Outfitters, Inc.*,
   No. 14-CV-2440, 2017 U.S. Dist. LEXIS 146343 (S.D.N.Y. Sept. 8, 2017) ............................ 4

*Muri v. Killeen*,
   No. 5:03CV00051, 2004 U.S. Dist. LEXIS 9080 (W.D. Va. May 18, 2004) ........................... 9

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ............................................................. 7

*Refco Grp. Ltd, LLC v. Cantor Fitzgerald, L.P.*,
   No. 13-1654, 2015 U.S. Dist. LEXIS 92301 (S.D.N.Y. July 15, 2015) ................................... 5

*United States v. Madoff*,
   626 F. Supp. 2d 420 (S.D.N.Y. 2009) ..................................................................................... 3

**Statutes**

Fair Credit Reporting Act ............................................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)(G) ............................................................................................................. 3

Hellerstein Individual Practices, Rule 4 ......................................................................................... 9

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, and pursuant to the Court's endorsement of proposed process set forth in RPS's January 24, 2019 letter (Dkt. No. 39), submits this non-confidential memorandum in support of its Motion to Seal Certain Information and Documents Contained in Plaintiff's Motion for Class Certification.

## PROCEDURAL BACKGROUND

**I.      The procedural context and the confidential information at issue.**

In April 2018, the Court entered a Stipulated Protective Order that governs the production of documents, testimony, and information in this case, and which allows the parties to designate documents and deposition testimony as "Confidential" when such materials contain proprietary information. (Dkt. No. 27.) Under the terms of that Stipulated Protective Order, RPS produced certain documents in discovery that were designated as "Confidential." Those designations were not challenged by Plaintiff. Employee witnesses of RPS were also deposed during the discovery period. Certain portions of those transcripts were timely designated as "Confidential" consistent with the terms of the Stipulated Protective Order. Again, those confidentiality designations were not challenged by Plaintiff.

On January 18, 2019, Plaintiff filed her Motion for Class Certification (the "Certification Motion"). In her memorandum of law, Plaintiff placed under seal the information and testimony that RPS had previously designated as Confidential, as well as information from a deposition transcript that had previously been designated as Confidential by a third-party witness. This Court then granted RPS leave to seek to maintain those redacted documents and information under seal through this filing. (*See* Dkt. No. 39.) Plaintiff's counsel has represented that they will not oppose this Motion to Seal.

II. **The limited categories of information and documents that RPS seeks to maintain under seal.**

Plaintiff's redactions in her Certification Motion can be broken down into five categories, which are reflected on **Exhibit A** by reference to each of the redactions Plaintiff made in her memorandum in support of the Certification Motion.[1]  Those five categories are as follows:

1. **Records of Third-Party Background Screenings**:  This category implicates Excel spreadsheets reflecting RPS's prior background screening activities as to consumers that Plaintiff contends should be a part of the putative class, along with other consumers who Plaintiff does not contend should be a part of the putative class.  This category also includes the declarations that were submitted by Plaintiff attempting to summarize those spreadsheets;

2. **Documents and Deposition Passages Discussing the Manners by Which RPS Collected New York Housing Court Records**:  This category implicates policy manuals and internal emails, as well as deposition testimony, discussing RPS's processes for collecting and updating New York housing court records.  In also includes internal discussions regarding strategy to address the volume of cases filed in New York housing courts;

3. **ScorePLUS**:  This category implicates documents and testimony discussing RPS's "ScorePLUS" product, which is a scoring algorithm developed by RPS that can be used by property management companies to assess applicants based on standards that are pre-selected by the management company;

4. **The Structure of RPS's Databases and Historical Volume of Reporting**: This category of information implicates the structure of RPS's internal databases, including how prior screening reports are internally archived.  It also includes information regarding the historical volume of screening reports that have been generated by RPS; and

5. **Testimony of LexisNexis's Corporate Representative**:  This category implicates the January 16, 2019 deposition testimony of the corporate witness of third-party LexisNexis and the internal practices used by LexisNexis for the collection of New York housing court records.  LexisNexis has designated that material as "Confidential," and excerpts of that deposition testimony were attached by Plaintiff to her Certification Motion.

Each of those categories is addressed below.

---

[1] Despite the designation of such materials as "Confidential" during discovery, in an effort to narrowly tailor this request, RPS agrees that certain passages in Plaintiff's memorandum can be unsealed.  Where relevant, those categories have also been identified on Exhibit A as appropriate for public disclosure.

## ARGUMENT

**I.      The applicable legal standard for filing under seal.**

For "good cause shown," a court may enter an order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(1)(G). Determining whether a document must be made publicly available involves a three-step process. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The "court must: (1) determine that it is a judicial document; (2) determine the weight of the presumption of access attached to the specific judicial document; and (3) balance countervailing interests against the presumption of access." *United States v. Madoff*, 626 F. Supp. 2d 420, 424 (S.D.N.Y. 2009). It is established that the competitive "interests of those resisting disclosure may establish countervailing interests against the presumption of disclosure." *Cohen v. Gerson Lehrman Group, Inc.*, No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510, at *3 (S.D.N.Y. Sept. 15, 2011).

The information and exhibits sought to be sealed here by RPS contain information that is currently protected from disclosure by the Court's Stipulated Protective Order. That confidential information has not been made public. Indeed, the general public would have modest interest in the information at issue because it was generated by, and relates to, the internal activities of private entities and individuals. *See, e.g.*, *Crum & Crum Enters. v. NDC of Cal.*, No. 09-145, 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011) (finding no persuasive public interest in the information, as "the case involves litigation between a private company and a private citizen"). And, for the reasons that follow, there exists good cause to maintain under seal the categories of information on Exhibit A that RPS contends should remain non-public.

**II.     The narrow category of documents at issue and related deposition testimony should be placed under seal due to the countervailing interests of RPS.**

   **A.     The Court should maintain under seal the data regarding RPS's historical generation of background screening reports on third-party consumers**

During discovery, RPS informed Plaintiff that it could not generate from its business records a list of prior background screening reports meeting Plaintiff's proposed class definition. (That remains true, and numerous other issues preclude class certification.) As a compromise position, however, RPS provided to Plaintiff an Excel spreadsheet listing its prior background screenings where a New York housing court record had been reported by RPS, including the date that the report was generated and the case number reflecting the underlying housing court action. Plaintiff has now taken those spreadsheets, highlighted the prior RPS reports that she claims should be included in her proposed class, and attached them as Exhibits to her brief, along with declarations from two individuals summarizing those Exhibits.

The documents and testimony implicated by this category reflect confidential and private information on third party consumers who have not consented to the disclosure of that information. Indeed, that information could not be publicly disclosed by any party consistent with the privacy requirements of the Fair Credit Reporting Act. *See* 15 U.SC. § 1681b(a). Courts also routinely seal private, third-party consumer information in connection with motions for class certification, including proposed class lists. *See, e.g.*, *Barkley v. Pizza Hut of Am., Inc.*, Case No. 6:14-cv-376, 2015 U.S. Dist. LEXIS 137682, *6 (M.D. Fl. Oct. 8, 2015) ("The parties agree that the [proposed] Class List should be sealed because it contains personal identifying information of the putative class members that should be kept confidential. This request is due to be granted."); *see also Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-2440, 2017 U.S. Dist. LEXIS 146343, at *28 (S.D.N.Y. Sept. 8, 2017) (noting the class list had been filed with the

4

court and placed under seal); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 492 (E.D. Pa. 2010) (maintaining list of objectors to settlement under seal for "privacy" concerns). Thus, this data and all related testimony should be maintained under seal.

> **B.  Documents and deposition passages discussing RPS's collection of New York housing court records and related strategy.**

In her Motion, and as further reflected on Exhibit A, Plaintiff detailed RPS's current and historical practices for the collection of New York housing court records, along with internal documents discussing corporate strategy with respect to those same procedures. Deposition passages reflect discussion on those same issues, along with Plaintiff counsel's discussions of potential alternatives for the collection of New York housing court records and the correlating internal discussions at RPS regarding their lack of feasibility. The testimony within this category also includes further discussions about RPS's relationship with its current public records vendor for New York housing court records, including passages discussing the specific data exchanged between those two entities after the relationship with the vendor commenced.

That non-public information regarding the nature of RPS's business is confidential, and its disclosure could provide potential competitors with insight into the extent and nature of RPS's collection procedures and strategies, thereby providing those third parties with intelligence that they could then use to compete with RPS. Kayani Decl., ¶ 3. RPS's practices and internal strategies for the collection of New York housing court proceedings have also been developed and refined over numerous years. Kayani Decl., ¶ 3. Therefore, that information should also be placed under seal. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning defendants' marketing strategies, product development, costs and budgeting"); *see also Refco Grp. Ltd, LLC v. Cantor Fitzgerald, L.P.*, No. 13-1654, 2015 U.S. Dist. LEXIS 92301, at *25

5

(S.D.N.Y. July 15, 2015) ("It is well established that . . . competitively sensitive information like that at issue here, should be protected against public disclosure if disclosure would cause significant and irreparable competitive injury.") (citation omitted); *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 47949, at *3-4 (W.D. Wash. Apr. 7, 2014) ("The Court finds that it is appropriate to maintain under seal these documents because they contain confidential information related to how Defendants operate and maintain their call center. [T]he documents contain details about Defendants' business operations that would primarily be of interest for Defendants' competitors."); *Buzoiu v. Risk Mgmt. Alternatives, Inc.*, No. 03-3579, 2004 U.S. Dist. LEXIS 11838, at *4 (E.D. Pa. Apr. 5, 2004) (granting motion to seal a "compilation of outlines, work sheets, internal policy statements and the like, designed to familiarize an employee with RMA's approved [debt] collection practices," as such materials were kept "confidential" by defendant and were "compiled by the expenditure of hundreds of hours of time and by drawing on the company's vast experience.").

Moreover, RPS's status as a participant in the consumer data industry, which is highly-attuned to market research, heightens the concern that its competitors could gain access to any disclosed information and will then use such information to gain a competitive advantage in the marketplace. Kayani Decl., ¶ 7. Sealing is thus especially appropriate. *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) ("The risk of potential injury is increased here because . . . Intel is already the dominant player in this highly competitive market."); *Gelb v. American Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting the defendant's motion to seal internal financial operations documents because "the information is also potentially valuable commercial information which . . . could alter defendant AT&T's competitive position in the telecommunications market.").

### C. Information regarding the operation of RPS's ScorePLUS product and algorithm should remain under seal.

RPS's ScorePLUS's product is a statistical scoring model used by property management companies to evaluate prospective tenants' risk of non-payment based on criteria selected by the property management company. *See* Ex. A. Plaintiff's Certification Motion contains numerous passages detailing the function and operation of RPS's ScorePLUS product. The ScorePLUS model is based on a highly-proprietary, non-public algorithm that has been developed by RPS at great expense over a period of years. Thus, compelling reasons exist to seal that information.

Protecting legitimate trade secrets is a "recognized exception to the right of public access to judicial records." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Hesse v. Sungard Sys. Int'l*, No. 12-1990, 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013) ("[S]afeguarding trade secrets can overcome the presumption of [public] access.") (citation omitted). Courts have often sealed records that contain trade secrets, non-public business strategies, and/or confidential competitive information, which if disclosed, would result in competitive harm. *See, e.g.*, *Hart v. U.S. Bank NA*, 2013 U.S. Dist. LEXIS 160147, at *10 (D. Ariz. Nov. 8, 2013) (granting request to seal credit policies stating "[t]hese policies contain detailed information regarding Defendant's underwriting decision making process[,]" and "credit decision matrixes which calculate credit decisions").

RPS has invested years and hundreds of employee hours into developing and maintaining its proprietary ScorePlus algorithm, at significant cost to RPS. Kayani Decl., ¶ 4. The structure and operation of that algorithm is highly-proprietary and is a valuable competitive differentiator for RPS, thus providing RPS with a distinct competitive advantage in the marketplace over its many competitors. Kayani Decl., ¶ 4. RPS keeps information regarding the operation of its ScorePLUS product strictly confidential to ensure that such information is not disclosed to third

7

parties, including its competitors. Kayani Decl., ¶ 4. Public disclosure of information about how the algorithm operates would provide RPS's competitors with valuable insight into how the product functions, and it would allow those same competitors to institute a competing product without incurring any of the costs borne by RPS. Kayani Decl., ¶ 4. The fact that competitors could use RPS's confidential information to their unfair advantage presents a compelling reason to seal that information. *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500, 2012 U.S. Dist. LEXIS 72862, at *7 (S.D. Cal. May 24, 2012) ("In this case, public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development."); *Gelb*, 813 F. Supp. at 1035 (granting the defendant's motion to seal where the documents at issue, if disclosed, "could alter defendant AT&T's competitive position in the telecommunications market").

### D. Testimony regarding the structure of RPS's databases, their searchability, and the volume of RPS's reporting should be maintained under seal.

Plaintiff's Certification Motion contains limited passages reflecting deposition testimony where Plaintiff inquired about the historical volume of RPS's reporting and the manner by which prior reports are archived within RPS's databases. Ex. A. That information should be sealed.

The structure of RPS's databases is proprietary to RPS. Kayani Decl., ¶ 5. Disclosure of information regarding that database structure could provide competitors of RPS with an undue advantage in building competing databases. Kayani Decl., ¶ 5. Likewise, the non-public data regarding the volume of RPS's business is confidential, and its public disclosure could provide potential competitors with insight into RPS's market share, thereby providing those third parties with intelligence that they could then use to compete with RPS, including as to pricing. Kayani Decl., ¶ 6. Therefore, that information should also be placed under seal. *See, e.g.*, *Encyclopedia*

*Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting in part motion to seal documents revealing the defendants' cost and profit structures, volume of subscribership, and business strategies); *Muri v. Killeen*, No. 5:03CV00051, 2004 U.S. Dist. LEXIS 9080, at *11 (W.D. Va. May 18, 2004) ("[T]he exhibits contain . . . potentially confidential and proprietary information, the court grants the motion [to place such documents under seal]."); *Gelb*, 813 F. Supp. at 1035 ("[D]efendants' assertion that its competitors who do not now have this information could use it to do competitive injury to the defendants is . . . a sufficient basis to grant defendants' motion to seal . . . .").

      **E.**      **The testimony designated as confidential by third-party LexisNexis should be placed under seal pending further response from that party.**

On January 16, 2019, Plaintiff deposed a representative of LexisNexis, including regarding its practices for the collection of New York housing court records. At the deposition, counsel for LexisNexis designated that testimony as confidential, including the portions that were attached as Exhibit 7 to Plaintiff's Certification Motion. That third-party designation of testimony is permitted under the Stipulated Protective Order. (Dkt. No. 27 at p. 1.) And, given that the third-party deposition was recently taken, RPS believes that LexisNexis should be permitted to formally respond with respect to its own confidentiality designations, and that the Court should hold in abeyance any decision on that designated material pending that response. Undersigned counsel has communicated its position to counsel for LexisNexis, and counsel for LexisNexis has stated their intent to file a separate statement for Exhibit 7.

**III.**      **RPS's sealing requests are narrowly tailored and no broader than necessary.**

Under Rule 4 of this Court's individual practices, requests to place documents under seal should be "narrowly tailored." RPS's request to seal information is limited to discrete sections of the Certification Motion, with the majority of the memorandum remaining publicly filed. As

noted on the enclosed Exhibit A, RPS has also agreed to the public filing of certain materials that were previously designated as "Confidential" during the discovery period. Moreover, given that the information sought to be sealed by RPS was filed by Plaintiff as part of her Certification Motion, there is no less restrictive alternative to placing that material under seal. Hence, the proposed sealing is narrowly-tailored and no broader than necessary.

## **CONCLUSION**

WHEREFORE, Defendant, CoreLogic Rental Property Solutions, LLC, respectfully requests that the Court: (1) maintain under seal the information requested by RPS to be designated as such in Exhibit A; and (2) grant RPS such other relief as may be appropriate.

TROUTMAN SANDERS LLP


By: /s/_____
Timothy J. St. George
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
New York, NY 10022
Tel:  (804) 697-1254
Fax:  (804) 698-1300
tim.stgeorge@troutmansanders.com

*Attorneys for Defendant CoreLogic Rental Property Solutions, LLC*