UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x          Case No. 17-CV-05507 (AKH)
CLAUDINNE FELICIANO,
Individually and on behalf of all others
similarly situated,

                        Plaintiff,

              -against-

CORELOGIC SAFERENT, LLC,
a/k/a CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC,

                      Defendant.
--------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO REOPEN NON-EXPERT
## <u>DISCOVERY PERIOD AND COMPEL LIMITED DISCOVERY</u>

Seth R. Lesser
Alexis H. Castillo
KLAFTER OLSEN & LESSER LLP
Two International Drive Suite 350
Rye Brook, New York 10573

James B. Fishman
FishmanLaw, PC
305 Broadway, Suite 900
New York, New York 10007

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

RELEVANT PROCEDURAL HISTORY AND BACKGROUND……………………………...2

THE LIMITED DISCOVERY PLAINTIFF SEEKS IS RELEVANT AND MATERIAL………5

      A.     The Discovery from CoreLogic……………………………………………………...5

      B.     The Discovery from LexisNexis…………………………………………………..7

ARGUMENT………………………………………………………………………………...8

I.      Non-Expert Discovery Should Be Reopened For the Limited Purpose of Defendant and LexisNexis Producing Additional Discovery…………………………………………....8

II.     This Court Should Grant Plaintiff's Motion to Compel…………………………………..9

      A.     CoreLogic Should Be Compelled To Produce This Targeted Discovery………..10

      B.     LexisNexis Should Also Be Compelled to Produce the Material Plaintiff Seeks……………………………………………………………………………..11

CONCLUSION………………………………………………………………………………..11

**Table of Authorities**

Cases                                                                                   Pages

*Am. Sav. Bank, FSB v. UBS PaineWebber, Inc.*
   330 F.3d 104 (2d Cir. 2003) ....................................................................... 10

*Genova v. City of Glen Cove,*
   *No. 13-cv-4088*
   2015 U.S. Dist. LEXIS 141830 (E.D.N.Y. Oct. 19, 2015) .................................. 8, 9

*Grochowski v. Phoenix Constr.,*
   318 F.3d 80 (2d Cir. 2003) ......................................................................... 8

*Jones v. Hirschfeld,*
   219 F.R.D. 71 (S.D.N.Y. 2003) ................................................................... 9

*Swift Spinning Mills v. B&H Apparel,*
   *No. 00 Civ. 642*
   2003 U.S. Dist. LEXIS 4120 (S.D.N.Y. Mar. 5, 2003) ...................................... 10

*T.H. v. City of Syracuse,*
   *No. 5:17-CV-1081*
   2018 U.S. Dist. LEXIS 132144 (N.D.N.Y. Aug. 7, 2018) .................................. 10

*Torres v. Dematteo Salvage Co.,*
   *No. 14-cv-774*
   2016 U.S. Dist. LEXIS 26439 (E.D.N.Y. Mar. 2, 2016) ..................................... 8

*United States v. Sanders,*
   211 F.3d 711 (2d Cir. 2000) ....................................................................... 10

**Rules and Statutes**

15 U.S.C. § 1681e(b) ................................................................................... 5, 6

Fed. R. Civ. P. 16 ....................................................................................... 8

Fed. R. Civ. P. 26……………………………………………………………………...9, 10

Federal Rule of Civil Procedure Rule 37 ........................................................ 1, 4, 10

Pursuant to Federal Rule of Civil Procedure Rule 37, Plaintiff Claudinne Feliciano submits this memorandum of law and the supporting declaration of Seth R. Lesser ("Lesser Decl.") in support of her motion (the "Motion") (i) to reopen the period of non-expert discovery, which passed on January 31, 2019; and (ii) to compel limited discovery (a) related to a discrete topic identified for the first time during the deposition of Naeem Kayani, an employee of CoreLogic Saferent, LLC ("Defendant" or "CoreLogic") which took place on December 6, 2018; (b) requested during the December 14, 2018 deposition of Janet Ernst, an employee at CoreLogic; and (c) disclosed during the January 16, 2019 deposition of Courtney Johnson, the corporate representative of non-party LexisNexis Retrieval Services, LLC ("LexisNexis"). Plaintiff's Motion seeks limited and focused discovery.

The reason Plaintiff brings this Motion now is that since the depositions of Mr. Kayani and Ms. Ernst, the parties met and communicated on a number of occasions to see if they could agree between themselves to narrow the discovery so as to obviate the need for asking the Court's intervention.  Inasmuch as during the meet and confer period the date for the close of non-expert discovery closed, CoreLogic has agreed not to assert the time spent in meeting and conferring and the date of the discovery cut-off as a basis for challenging the limited additional discovery sought here.

In November 2018 Plaintiff issued a third party subpoena to LexisNexis seeking testimony and documents.  However, LexisNexis did not agree to produce a Rule 30b(6) witness until January 16, 2019, less than two weeks before the non-expert discovery cut-off.  At that deposition, LexisNexis's corporate representative, Ms. Johnson, disclosed certain information directly related to the merits of Plaintiff's case, which counsel requested LexisNexis to produce, on the record.  Shortly after receiving the deposition transcript, Plaintiff issued formal document

demands for the materials requested and identified at the deposition.  LexisNexis refused to respond to Plaintiff's document requests stating that they were untimely as non-expert discovery had closed, even though the documents were initially demanded within the discovery period, during the deposition itself.

Accordingly, Plaintiff respectfully seeks leave to reopen the non-expert discovery period and requests that this Court compel CoreLogic and LexisNexis to respond to the focused and narrow discovery propounded as to points relevant to the case.  There would be no prejudice to Defendant or to LexisNexis, nor would any present case deadlines be affected.  The extension of time and the discovery sought have not been the subject of a prior motion or request of the Court.

## RELEVANT PROCEDURAL HISTORY AND BACKGROUND

Since the October 12, 2018 status conference, at which the Court resolved a number of discovery issues relating to the scope of document discovery, the parties have taken a total of seven party and non-party depositions.  Among them was the deposition of Mr. Kayani, who Defendant identified as having knowledge with respect to the product and internal archives of its reporting of consumer information to prospective landlords.  Mr. Kayani testified about, among other things, CoreLogic's ScorePlus model, which it uses to generate a three digit numerical score it claims is relevant to the credit component of the consumer report CoreLogic renders to its landlord customers.  CoreLogic's clients, some of whom are landlords owning multiple properties in New York City, use that score to determine whether to lease housing to potential tenants such as Plaintiff.  Indeed, Related Management ("Related"), the developer to which Ms. Feliciano applied for an apartment, relied *solely* on the ScorePlus credit score contained in the report CoreLogic provided to Related and denied Plaintiff housing based upon it.

At the deposition of Mr. Kayani, counsel for Plaintiff asked questions related to the ScorePlus model.  Such questions included whether the description of "Case Filed" or whether the disposition of a Housing Court proceeding has an impact on the score.  Mr. Kayani claimed he was unable to provide an answer to the foregoing during his deposition, however he since has agreed to supplement his testimony with a written response, which has yet to be produced as of the filing date of this Motion.  Plaintiff also requested certain specified documentation related to the ScorePlus model, which Plaintiff seeks to compel here.

Questions related to the ScorePlus model were also posed by Plaintiff at the December 20, 2018 deposition of Jeremy Harrison, the leasing manager and corporate representative for Related, who appeared pursuant to a non-party subpoena.  When asked about the ScorePlus model, Mr. Harrison testified, among other things, that he did not know how the variables comprising the three digit score are weighted or how the score was created.  Neither he, nor to his knowledge, anyone at Related were aware of the weight attributed to the existence of a landlord-tenant case filed against a potential applicant or whether the case had been dismissed or was still pending.

On December 14 counsel for Plaintiff deposed Ms. Ernst, who provided testimony regarding New York data collection practices for Defendant's field researchers.  Ms. Ernst confirmed, as did Autumn DeLoatche (another CoreLogic New York City Housing Court data collection specialist) at her November 30 deposition, that for a number of years CoreLogic struggled to keep its database up to date with New York City Housing Court case information and that it continuously experienced "currency" issues in that regard.   Ms. Ernst testified that CoreLogic creates and maintains reports called "incompletes reports" and "currency reports" which track data collected from New York Housing Court proceedings, and which confirmed

3

CoreLogic's inability to report current information about cases filed there. The "incompletes reports" identify specific landlord tenant cases for which Defendant's researchers need to go back and obtain dispositions, and the "currency reports" track how up-to-date CoreLogic is in collecting data about cases filed in the Housing Courts. The accuracy, completeness and currency of Housing Court case information is the central focus of the Plaintiff's claims in this action.

On December 19 and 27, following the depositions of Ms. Ernst and Mr. Kayani, counsel for Plaintiff requested the documents sought during the respective depositions. Lesser Decl. Exs. 1, 2. On January 14, 2019, Defendant issued a supplemental response related to the ScorePlus model, which Plaintiff had agreed to accept initially in the spirit of compromise. After reviewing its response, Plaintiff renewed her request for documentation related to the ScorePlus model.[1] Two weeks later, on January 30, Timothy St. George, counsel for Defendant advised that CoreLogic would not agree to produce documents related to the ScorePlus model absent "discrete" requests for information. Mr. St. George further advised and agreed that CoreLogic would not use the close of fact discovery, January 31, as a basis to oppose any motion to compel. *Id.* at Ex. 3. On February 11, Plaintiff narrowed her requests for documents (the requests sought herein), to which Mr. St. George responded on February 15 stating that CoreLogic would not agree to produce documents related to the ScorePlus model. *Id.* at Exs. 4, 5. In addition, after approximately two months of meeting and conferring regarding the "incompletes" and "currency" reports, Mr. St. George similarly advised on February 15 that CoreLogic does not agree to produce the reports for the time period requested. *Id.* at Ex. 5.

---

[1] To avoid filing this Motion under seal, counsel will provide the Court with Defendant's supplemental response, and Plaintiff's subsequent reply if requested by the Court.

As to LexisNexis, on November 6, 2018, Plaintiff served a non-party subpoena on LexisNexis seeking both documents and testimony.  LexisNexis is the vendor that CoreLogic has used since July 2017, and currently still uses, to obtain landlord-tenant case information from Housing Courts in New York.  LexisNexis produced documents on January 14, 2019 and, after some time in scheduling it, Ms. Johnson's deposition finally took place on January 16.  Among other things, Ms. Johnson testified that LexisNexis, not unlike CoreLogic, also experienced performance issues and currency problems in obtaining New York City Housing Court case information from its vendor, upon which it relies to collect Housing Court data.  During the deposition, Plaintiff's counsel requested documents related to the currency of the information LexisNexis collects from New York Housing Courts, communications reflecting CoreLogic's knowledge of LexisNexis's performance and currency issues, and whether LexisNexis is meeting its expectation of collecting data within its self-stated 90 days of filing standard.  Plaintiff subsequently issued a formal document request, to which counsel for LexisNexis advised that it would seek costs and fees in responding to Plaintiff's requests because the discovery period closed.  *Id*. at Exs. 6, 7, 9.

## THE LIMITED DISCOVERY PLAINTIFF SEEKS IS RELEVANT AND MATERIAL

### A.  The Discovery from CoreLogic

The discovery sought from CoreLogic matters because it is relevant and significantly material to the core issue in the case: whether CoreLogic failed to follow reasonable procedures to assure maximum possible accuracy of the information about the individuals for whom the reports relate as mandated by 15 U.S.C. § 1681e(b).  It has become clear during discovery that the manner in which CoreLogic's ScorePlus model and specifically, the weight attributed to the disposition of "Case Filed," or a discontinued Housing Court proceeding, directly relates to

Plaintiff's claims.  Plaintiff alleges, among other things, that because CoreLogic improperly and inaccurately reported that a case had been filed against her, its reporting prevented her from securing housing in New York City.  As such, the weight attributed to a case filed against a potential tenant may evidence the manner in which CoreLogic's reports cause "blacklisting" of potential tenants because of its ScorePlus model, upon which countless landlords rely, by inappropriately or unfairly ascribing more weight to the mere fact that a Housing Court case had been filed against the applicant, regardless of that case's outcome.  More specifically, the weight, or lack of weight, CoreLogic's ScorePlus model attributes to Housing Court cases that were voluntarily dismissed by the landlord shortly after they were filed, as occurred with respect to Plaintiff, goes directly to the issue of the reasonableness of Defendant's procedures to "insure maximum possible accuracy" of its reports as required by 15 U.S.C. § 1681e(b).

On January 31, counsel for Plaintiff issued narrowly drawn document requests to CoreLogic related to the ScorePlus model, which Plaintiff seeks to compel through this Motion. Plaintiff seeks documentation setting forth the relative weight given to each of the data points used in generating the ScorePlus model, including the impact that a discontinued Housing Court proceeding has on the score.  Lesser Decl. Ex. 4.  This is straightforward information that CoreLogic readily should be able to provide.  Indeed, if CoreLogic wishes to provide it in a non-documentary form that is otherwise sufficient to provide the information so that it would be agreed to be admissible, Plaintiff could even not require a document production.

Related to the issue of whether CoreLogic has followed reasonable procedures to ensure maximum possible accuracy of information is its difficulty in remaining current in its collection of Housing Court case data and whether CoreLogic updated the data previously collected. During Ms. Ernst's deposition, Plaintiff learned that CoreLogic creates, maintains and routinely

circulates, reports that track this very information, which Plaintiff also seeks to compel through this Motion.  Through correspondence with counsel for CoreLogic dated back to December, Plaintiff has followed up diligently on her initial request for CoreLogic's incompletes and currency reports made during Ms. Ernst's deposition.  Counsel for Plaintiff originally requested all reports for the class period to date, but since has agreed to accept the production of reports every six months from 2012 to the present.

### B.  The Discovery from LexisNexis

The information counsel requested of LexisNexis during Ms. Johnson's January 16 deposition is similarly relevant and material, as it pertains precisely to CoreLogic's knowledge of the currency of the information it has obtained from LexisNexis since it began using it in July 2017 to prepare consumer reports.  Lesser Decl. Ex. 6.  Based on Ms. Johnson's testimony, Plaintiff anticipates the discovery produced will demonstrate that CoreLogic has been aware, since July 2017 when CoreLogic first retained LexisNexis as its New York Housing Court vendor, if not earlier, that LexisNexis was not, and presently is not, current in meeting its self-created expectation of collecting Housing Court data 90 days after filing.  But despite this knowledge, CoreLogic knowingly and consciously continued to issue consumer reports with inaccurate and incomplete Housing Court data obtained solely from LexisNexis about prospective tenants in complete disregard of its legal obligations.

Again, as with the discovery from CoreLogic, Plaintiff's requests for discovery go to the heart of Plaintiff's claim that CoreLogic has willfully disregarded its obligation to use reasonable procedures to assure maximum possible accuracy of the information set forth in the reports it provided about prospective tenants containing New York Housing Court data from July 2017 forward.  CoreLogic's knowledge of the currency issues LexisNexis encountered in obtaining

New York Housing Court data squarely addresses the merits of Plaintiff's claims. Accordingly, Plaintiff submits that the discovery sought from LexisNexis is narrow, focused, and reasonable, and that the non-expert discovery period should be reopened for the limited purpose of obtaining this discovery. *See id.*

## ARGUMENT

**I.     Non-Expert Discovery Should Be Reopened For the
       Limited Purpose of Defendant and LexisNexis Producing Additional Discovery**

A scheduling order may be modified upon a showing of "good cause" and with the "judge's consent." Fed. R. Civ. P. 16(b)(4).[2] Whether good cause to reopen discovery exists "depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Courts consider the following in determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Torres v. Dematteo Salvage Co.*, No. 14-cv-774 (ADS) (AKT), 2016 U.S. Dist. LEXIS 26439, at *10-11 (E.D.N.Y. Mar. 2, 2016). "The court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Genova v. City of Glen Cove*, No. 13-cv-4088 (JMA) (SIL), 2015 U.S. Dist. LEXIS 141830, at *7 (E.D.N.Y. Oct. 19, 2015).

All of the foregoing considerations favor reopening discovery for Plaintiff's limited purposes. At this juncture of the case, a trial is not imminent. No trial date has been scheduled, as expert discovery has not yet commenced. Nor has the Court received full briefing on, let

---

[2] Though counsel for CoreLogic has agreed not to use the "technical close of fact discovery" as a basis to oppose this Motion, CoreLogic does not agree that good cause exists to reopen discovery. *Compare* Lesser Decl. Ex. 3 *with* Ex. 8.

alone determined, Plaintiff's pending motion for class certification.  Moreover, Plaintiff's request to seek this discovery is not opposed on timeliness grounds inasmuch as, as mentioned above, Defendant CoreLogic has agreed not to interpose that the discovery cut-off has occurred (although Defendant apparently will seek to oppose the discovery itself).  Nor would Defendant be prejudiced by producing this information in any way.  Plaintiff has been diligent in pursuing the discovery she seeks from CoreLogic and LexisNexis since learning about the information during the respective depositions which occurred within the Court's ordered parameters.  Finally, as set forth above, the targeted information Plaintiff seeks from CoreLogic relates directly to its score system, and how it generates the score upon which potential landlords rely in determining whether to lease property to prospective tenants such as Plaintiff and the putative class.  The information Plaintiff seeks from LexisNexis pertains to its and CoreLogic's knowledge about the currency of the data LexisNexis is providing to CoreLogic and whether it recklessly disregarded its legal obligation to follow reasonable procedures to ensure maximum possible accuracy of the New York Housing Court data set forth in its consumer reports.  At this time, Plaintiff does not anticipate further discovery upon production of this limited and focused material.  Accordingly, Plaintiff respectfully submits that in this case, good cause exists and the non-expert discovery period should be reopened so that CoreLogic and LexisNexis can be compelled to produce discovery responsive to the targeted discovery requests Plaintiff has propounded upon them. *See*, *e.g.*, *Genova*, 2015 U.S. Dist. LEXIS 141830, at *8-12.

## II.      This Court Should Grant Plaintiff's Motion to Compel

"A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party."  *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003) (citing Fed. R. Civ. P. 26(b)(1)).  Where a party has failed to respond to a request for discovery, the party

seeking discovery, "[o]n notice to other parties and all affected persons . . . may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a).  Under Rule 37, a motion to compel documentary discovery may be made "if a party fails to make a disclosure required by Rule 26(a)." Fed. R. Civ. P. 37(a)(3)(A).  Moreover, Rule 37 permits a party to move to compel deposition testimony "if a deponent fails to answer a question propounded or submitted under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B).

Motions to compel brought "are entrusted to the sound discretion of the district court." *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000); *accord Am. Sav. Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003).  This principle "is in keeping with the traditional rule that [a] trial court enjoys wide discretion in its handling of pre-trial discovery."  *In re Fitch*, 330 F.3d at 108 (internal quotations and citations omitted).

## A.  CoreLogic Should Be Compelled To Produce This Targeted Discovery

As set forth above, Plaintiff's discovery requests are limited in scope and are specifically tailored to the relevant and material information that would support Plaintiff's claims that CoreLogic failed to follow reasonable procedures to assure maximum possible accuracy of the information about the individuals for whom the reports relate.  The documents sought from CoreLogic: (1) the relative weight given to each of the data points used in generating the ScorePlus model; and (2) the incompletes and currency reports, directly relate to Plaintiff's claims.  Accordingly, CoreLogic should be compelled to produce the discovery Plaintiff seeks. *See, e.g.*, *T.H. v. City of Syracuse*, No. 5:17-CV-1081 (GTS/DEP), 2018 U.S. Dist. LEXIS 132144, at *16 (N.D.N.Y. Aug. 7, 2018) (granting motion when discovery sought was relevant to the claims in amended complaint); *Swift Spinning Mills v. B&H Apparel*, No. 00 Civ. 642

(AKH), 2003 U.S. Dist. LEXIS 4120, at *2 (S.D.N.Y. Mar. 5, 2003) (granting motion for discovery related to plaintiff's claim for order of attachment).

**B.  LexisNexis Should Also Be Compelled to Produce the Material Plaintiff Seeks**

The information Plaintiff seeks from LexisNexis addresses the merits of Plaintiff's claim that CoreLogic has willfully disregarded its obligation to use reasonable procedures to ensure maximum possible accuracy of the information set forth in the reports provided about prospective tenants.  Based upon Ms. Johnson's testimony, Plaintiff anticipates the discovery produced will demonstrate that CoreLogic was aware that LexisNexis was not current in meeting its expectation of collecting Housing Court data 90 days after filing, yet continued to render consumer reports with inaccurate Housing Court data about prospective tenants.  Since this information relates directly to Plaintiff's claims, Plaintiff respectfully submits that LexisNexis should be compelled to produce the discovery Plaintiff seeks.  *See id*; Lesser Decl. Ex. 6.

**CONCLUSION**

For all of the the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion and (i) reopen the non-expert discovery period; and (ii) compel the production of documents from CoreLogic and LexisNexis as sought herein.

Dated: Rye Brook, New York
      February 22, 2019

          Respectfully submitted,

          KLAFTER OLSEN & LESSER LLP

          _____

          Seth R. Lesser
          Alexis Castillo
          Two International Drive, Suite 350
          Rye Brook, New York  10573
          (914) 934-9200

FISHMANLAW, PC
James B. Fishman
305 Broadway, Suite 900
New York, New York  10007
(212) 897-5840

*Attorneys for Plaintiff*