UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CLAUDINNE FELICIANO,

                                                                                             Case No. 1:17-cv-5507

        Plaintiff,

        -against-

CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC

        Defendant.

------------------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
DECLARATIONS OF WILLIAM YATES AND MARGARITA J. FRASER DE ABADIE**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022

*Attorneys for Defendant*

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, submits this memorandum of law in support of its Motion to Strike the Declarations of William Yates ("Yates") and Margarita J. Fraser De Abadie ("Abadie"), which were submitted by Plaintiff in support of her Motion for Class Certification. Yates and Abadie are fact witnesses who were not disclosed in accordance with the Court's Civil Case Management Plan or Fed. R. Civ. P. 26(a).

## BACKGROUND

On December 1, 2017, the Court entered its Civil Case Management Plan (Dkt. No. 23), including Attachment A attached thereto. Among others, Attachment A set forth the following relevant deadlines:

- Rule 26 Disclosures: December 19, 2017;
- Class Certification: October 25, 2018[1];
- Completion of non-expert discovery: January 31, 2019.

Aside from the class certification deadline, Plaintiff did not seek to extend any of these deadlines and none were extended.

On December 14, 2017, Plaintiff served her Rule 26(a)(1)(A) initial disclosures, where she identified the following individuals as persons who may have discoverable information that she would use to support or claims:

- Todd Nahins;
- Individuals employed by the New York State Office of Court Administration;

---

[1] This date was subsequently extended twice at Plaintiff's request, ultimately to January 18, 2019. In neither request for an extension did Plaintiff cite the need to conduct additional investigations or locate additional fact witnesses. (*See* Dkt. Nos. 32-33.) Instead, her counsel offered other reasons to counsel for RPS. *See* Declaration of Timothy St. George ("St. George Decl.") ¶ 3, Ex. A. If Plaintiff's actual rationale for the extensions had been disclosed to RPS's counsel, RPS would have opposed the requested extensions due to Plaintiff's non-compliance with her disclosure obligations.

In advance of this Motion, counsel for RPS asked counsel for Plaintiff to withdraw the declarations based on their untimeliness. Plaintiff's counsel was unwilling to do so. *Id.* at ¶ 9.

- Individuals employed by LexisNexis Risk Data Retrieval Services LLC ("LNRDRS");
- Individuals employed by unknown vendors employed by LNRDRS; and
- Any individual identified by Defendant in a Rule 26 disclosure that it provides.

*See* St. George Dec., Ex. B. Plaintiff did not identify Yates or Abadie in her Rule 26 disclosures. Neither Yates nor Abadie are employees of the New York State Office of Court Administration, LNRDRS, or vendors of LNRDRS. *See* Declaration of William Yates (("Yates Decl."), Dkt. No. 36-34) ¶ 1; Declaration of Margarita J. Fraser de Abadie (("Abadie Decl."), Dkt. No. 36-30.) ¶ 1. Instead, they are private citizens. Plaintiff also never supplemented or amended her Rule 26 disclosures to identify Yates, Abadie, or any other additional witnesses. St. George Decl. ¶ 6.

On March 30, 2018, Plaintiff served her Responses and Objections to Defendant's First Set of Interrogatories to Plaintiff. St. George Decl., Ex. C. RPS requested that Plaintiff "[i]dentify each and every person with knowledge of the allegations made in the Complaint, and describe the subject matter of each person's knowledge of the allegations made in the Complaint." (Interrogatory No. 2.) In response, Plaintiff stated only that "her counsel and her mother have knowledge of the allegations made in the Complaint." (Pl.'s Resp. to Interrogatory No. 2.) Further, RPS requested that Plaintiff "[s]tate all bases to support your contention that the class as defined in paragraph 11 of the Complaint is capable of certification under the factors set forth in Fed. R. Civ. P. 23(a) and 23(b)." (Interrogatory No. 16.) In response, Plaintiff referred to her Complaint and stated she would "provide additional, responsive information pursuant to her obligations under the Federal Rules of Civil Procedure and the rules of this Court." (Pl.'s Resp. to Interrogatory No. 16.) Plaintiff never supplemented or amended her responses to these Interrogatories. St. George Decl. ¶ 7.

On January 18, 2019, Plaintiff filed her Motion for Class Certification. (Dkt. No. 35.) To

her Memorandum of Law in Support (("Pl.'s Mem."), Dkt. No. 36), she attached the declarations of Yates and Abadie.  That was the first time RPS had *ever* heard of those two individuals.  *See* St. George Decl. ¶ 8.  Yates stated that he used the public access computer terminals located at the Landlord/Tenant Clerk's office at the Housing Court courthouses in Manhattan, Queens, the Bronx, and Brooklyn to review certain cases previously identified by RPS in discovery in order to determine whether a disposition was reflected on the terminal in 2019.  Yates Decl. ¶¶ 2–6.  Abadie performed identical tasks with respect to certain other cases.  Abadie Decl. ¶¶ 2–5, 8.

Plaintiff is relying on these declarations to support her contention that her proposed class satisfies the numerosity requirement under Fed. R. Civ. P. 23(a).  (Pl.'s Mem. at 18.)  They are also her sole claimed proof of an ascertainable class.  (*See* Pl.'s Mem. at 27-28.)  Plaintiff, however, did not disclose Yates or Abadie as fact witnesses, or in any other capacity, prior to filing for class certification.  That non-disclosure occurred despite: (1) having more than a year to amend her Rule 26 Initial Disclosures to disclose individuals with information she would use to support her claims; (2) having over nine months to amend her responses to RPS's Interrogatories to properly respond to the request to identify witnesses with knowledge of the allegations made in the Complaint; and (3) being granted, in total, an additional three months to file her motion for class certification.

**ARGUMENT**

Federal Rule of Civil Procedure 26 imposes strict obligations on the disclosure of witnesses.  Parties *must* provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would solely be for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  That obligation is ongoing.  Indeed, Rule 26 provides:

3

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1); *see Alfano v. Nat'l Geographic Channel*, No. CV 06-3511, 2007 U.S. Dist. LEXIS 74675, at *2 (E.D.N.Y. Oct. 5, 2007) ("A party is also under an affirmative duty to supplement incomplete or incorrect disclosures with later-acquired information that has not otherwise been made known to its opponent during discovery."). It cannot be disputed that Plaintiff failed to disclose the identity of these two witnesses whose testimony she now seeks to use to support her Motion for Class Certification. In fact, they were first identified in that Motion. St. George Decl. ¶ 8.

The consequence of not disclosing a witness is clear under the Rules: preclusion. Rule 37 states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P 37(c)(1). "The purpose of the rule is to prevent 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). In assessing sanctions for failure to make proper and timely disclosures, courts consider:

1. the party's explanation for the failure to comply with the disclosure requirement;
2. the importance of the testimony of the precluded witnesses;
3. the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and
4. the possibility of a continuance.

*Design Strategic, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Those factors weigh heavily in

favor of excluding the testimony of Yates and Abadie here.

First, Plaintiff offers no explanation for failing to comply with the disclosure requirement. Plaintiff clearly knew about these witnesses prior to filing for class certification on January 18, 2019. The case review efforts alone undertaken by Yates and Abadie would have taken, at the very least, weeks (if not months) to complete.[2]  Yet, Plaintiff failed to disclose their identity in either her Rule 26 disclosures or in her responses to RPS's Interrogatories, and she then failed to ever supplement her disclosures or responses. There was no basis for that lack of disclosure. Even assuming, *arguendo*, that Plaintiff did not act in bad faith in concealing these witnesses, the Second Circuit has expressly rejected a bad-faith requirement to preclude the testimony of an undisclosed witness. *See id.*  Indeed, in sharp contrast to Plaintiff's practices, RPS identified all three of the declarants supporting its opposition to Plaintiff's Motion for Class Certification in March 2018, and all of those individuals were deposed at length by Plaintiff's counsel. St. George Decl. ¶ 10.

Second, the testimony of Yates and Abadie is not so important as to prevent preclusion. Yates and Abadie were not witnesses with first-hand knowledge of actions taken by RPS or the systems of New York housing courts. *See Outley v. New York*, 837 F.2d 587, 590 (2d Cir. 1988) (finding testimony important because individuals personally witnessed incident at issue). They do not claim to have any such knowledge. Further, although Plaintiff claims the testimony supports her contention that the proposed class is numerous and ascertainable, their testimony is not so important that preclusion would be "tantamount to dismissal." *See Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 962 (2d Cir. 1997).  Indeed, for the reasons set forth in RPS's opposition to Plaintiff's Motion for Class Certification, the testimony of Yates and Abadie is itself

---

[2] According to their declarations, Abadie's review would have taken approximately 86 hours to complete and Yates' would have taken 47, all of which would have needed to occur during the hours they had access to the Clerk's offices and limited use of the shared public access terminals. *See* Yates Decl. 2–3, 7; Abadie Decl. 2–3, 9.

5

misguided in that it: (1) attempts to ascertain a class using the same processes that Plaintiff will attempt to disparage at trial, as her disputed housing court record was also collected by RPS through use of the public access terminals in New York City housing courts; (2) mistakenly attempts to ascertain a class based on what is reflected in the public access terminals in 2019, whereas the relevant metric is what was reflected on the terminals at the time of RPS's reporting from 2015 to the present, which Plaintiff never discovered; (3) only purports to present evidence where any type of "disposition" is reflected on the terminal when Plaintiff's class definition is instead limited to three specific types of dispositions; and (4) is itself filled with factual errors in terms of data entry that would need to be individually reviewed.  Indeed, without the declarations, Plaintiff's claims will simply proceed on an individual basis, which is the proper outcome at this juncture.  Therefore, this factor does not weigh against preclusion.

Third, Plaintiff's failure to disclose these witnesses has clearly prejudiced RPS.  Requiring the reopening of discovery, delaying the litigation, and imposing additional costs on the opposing party, by definition, constitute prejudice.  *Design Strategic*, 469 F.3d at 296.  Likewise, harm results from allowing testimony based on underlying documentation or methods that the opposing party has not had the opportunity to verify or dispute.  *See Kam Hing Enters. v. Wal-Mart Stores, Inc.*, 359 Fed. Appx. 235, 237–38 (2d Cir. 2010).  Here, RPS was not been given the opportunity to depose Yates or Abadie or to conduct a comprehensive audit of their work, which could take many weeks and impose significant additional expenses.  RPS was unable to question the witnesses regarding the methods they used to gather data, their training, the actual length of time it took them to complete their work, their conversations with Plaintiff's counsel, their compensation, their exploration of other methods to gather this information, etc.  Further, given that discovery closed

very shortly[3] after these third-party witnesses were first identified, RPS also could not obtain the documentation underlying their testimony by the close of discovery through the service of timely Rule 45 subpoenas, let alone have deposed those two witnesses within the discovery period after responsive documents were provided under those subpoenas.[4] That is not how the discovery process works, especially in the context of proposed class actions.

Because RPS would be "deprived of the opportunity to pursue needed fact discovery unless it was willing to accept a substantial delay in the case," it is prejudiced by Plaintiff's non-disclosure. *American Stock Exchange, LLC v. MOPEX, Inc.*, 215 F.R.D. 87, 95 (S.D.N.Y. 2002). To the extent Plaintiff may claim her failure to disclose Yates and Abadie was harmless, it is her burden to show this harmlessness. *See Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 635 (S.D.N.Y. 2005) ("The burden to prove harmlessness rests with the dilatory party.") (internal quotations omitted). But, she cannot meet this burden for the reasons above. There is no plausible basis to claim a lack of harm with respect to newly-disclosed witnesses propping up an attempt to certify a large class who were disclosed with mere days left in the discovery period.

Fourth, the possibility of a continuance cannot cure the prejudice because Plaintiff filed her motion for certification without offering to extend discovery, which RPS should, in any event, not have to do. *See Haas v. Del. & Hudson Ry. Co.*, 282 Fed. Appx. 84, 87 (2d Cir. 2008) (finding continuance factor weighed in favor of affirming district court's preclusion of affidavit because there was "no indication that plaintiff's counsel even offered to reopen discovery"). Reopening

---

[3] Plaintiff's Motion for Class Certification was filed after the close of business on Friday, January 18, which was a three-day, holiday weekend. Thus, there were merely nine business days left in the discovery period at the time these witnesses were identified.

[4] Indeed, through a preliminary review, RPS has already identified a number of serious factual errors in the declarations that cause individuals that Plaintiff claims to be putative class members to fall outside of the class definition.

7

discovery at this point would unduly delay this litigation, which has been pending for over a year and a half.

Fundamentally, Plaintiff did not disclose either Yates or Abadie as fact witnesses before attempting to use their testimony to support her Motion for Class Certification, in stark violation of the Rules of Civil Procedure. Hence, under Rule 37(c)(1), Plaintiff "is not allowed to use that information or witness to supply evidence" on her Motion for Class Certification.

## CONCLUSION

For these reasons, RPS requests that the Court grant its motion and enter an Order striking the Declarations of William Yates and Margarita J. Fraser De Abadie and precluding Plaintiff from using any testimony from Yates or Abadie in this case.

Dated: New York, New York

February 22, 2019

TROUTMAN SANDERS LLP

By: /s/ Timothy J. St. George
Timothy J. St. George (*pro hac vice*)
1001 Haxall Point
Richmond, VA 23219
Tel: (804) 697-1650
Fax: (804) 698-5118

*Attorneys for Defendant*