UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CLAUDINNE FELICIANO,
individually and on behalf of all others
similarly situated,

       Plaintiff,

   -against-                                1:17-CV-5507 (AKH)

CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC,

       Defendant.         X

-------------------------------------------------------------

**DEFENDANT'S NON-CONFIDENTIAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL CERTAIN INFORMATION CONTAINED IN DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN NON-EXPERT DISCOVERY PERIOD AND COMPEL LIMITED DISCOVERY**

## TABLE OF CONTENTS

**Page**

PROCEDURAL BACKGROUND ................................................................................................ 1

    I.    The limited categories of information that RPS seeks to seal .............................. 1

ARGUMENT ........................................................................................................................ 1

    I.    The applicable legal standard for filing under seal ............................................... 2

    II.    The passages at issue should be placed under seal. ............................................ 2

        A.    Information regarding the operation of RPS's ScorePLUS product
            and algorithm should be sealed ................................................................ 2

        B.    Information regarding RPS's collection practices and internal
            reporting should be sealed  ...................................................................... 4

    III.    RPS's sealing requests are narrowly tailored and no broader than
          necessary .................................................................................................................. 6

CONCLUSION ...................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bauer Bros. LLC v. Nike, Inc.*,
　No. 09cv500, 2012 U.S. Dist. LEXIS 72862 (S.D. Cal. May 24, 2012) ...................................4

*Buzoiu v. Risk Mgmt. Alternatives, Inc.*,
　No. 03-3579, 2004 U.S. Dist. LEXIS 11838 (E.D. Pa. Apr. 5, 2004) ......................................5

*Cohen v. Gerson Lehrman Group, Inc.*,
　No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510 (S.D.N.Y. Sept. 15, 2011) .......................2

*Crum & Crum Enters. v. NDC of Cal.*,
　No. 09-145, 2011 U.S. Dist. LEXIS 24690 (D. Del. Mar. 11, 2011) ........................................2

*Gelb v. American Tel. Co.*,
　813 F. Supp. 1022 (S.D.N.Y. 1993)..........................................................................................5

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
　769 F. Supp. 2d 630 (S.D.N.Y. 2011).......................................................................................4

*Hart v. U.S. Bank NA*,
　No. CV 12-24712013, U.S. Dist. LEXIS 160147 (D. Ariz. Nov. 8, 2013) ..............................3

*Hesse v. Sungard Sys. Int'l*,
　No. 12-1990, 2013 U.S. Dist. LEXIS 7289 (S.D.N.Y. Jan. 14, 2013) .....................................3

*Hill v. Xerox Corp.*,
　No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 47949 (W.D. Wash. Apr. 7, 2014).....................5

*Intel Corp. v. VIA Techs., Inc.*,
　198 F.R.D. 525 (N.D. Cal. 2000)...............................................................................................5

*Lugosch III v. Pyramid Co. of Onondaga*,
　435 F.3d 110 (2d Cir. 2006).......................................................................................................1

*Nixon v. Warner Commc'ns, Inc.*,
　435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)................................................................3

*Refco Grp. Ltd, LLC v. Cantor Fitzgerald, L.P.*,
　No. 13-1654, 2015 U.S. Dist. LEXIS 92301 (S.D.N.Y. July 15, 2015) ...................................4

*United States v. Madoff*,
　626 F. Supp. 2d 420 (S.D.N.Y. 2009)........................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)(G) ............................................................................................................1

Judge Hellerstein Individual Rule No. 4............................................................................................6

Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, submits this non-confidential memorandum in support of its Motion to Seal Certain Information in RPS's Memorandum in Opposition to Plaintiff's Motion to Re-Open Non-Expert Discovery Period and Compel Limited Discovery (the "Motion to Compel"). (Dkt. No. 48.)

## PROCEDURAL BACKGROUND

### I.    The limited categories of information that RPS seeks to seal.

Similar to its previous Motions to Seal, RPS's redaction of certain passages in its Memorandum in Opposition to Plaintiff's Motion to Compel implicate two categories of information.  Those two categories are as follows:

1. **ScorePLUS**:    This category implicates passages discussing RPS's "ScorePLUS" product, which is a scoring algorithm developed by RPS that can be used by property management companies to assess applicants based on standards that are pre-selected by the management company;

2. **Collection Processes and Internal Reporting**:   This category implicates discussions about the internal collection strategy of RPS to obtain records of New York housing court proceedings, as well as internal reports run in connection with those efforts.

Each of those categories is addressed below.

## ARGUMENT

### I.    The applicable legal standard for filing under seal.

For "good cause shown," a court may enter an order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(1)(G).  Determining whether a document or information must be made publicly available involves a three-step process.  *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The "court must: (1) determine that it is a judicial document; (2) determine the weight of the presumption of access attached to

the specific judicial document; and (3) balance countervailing interests against the presumption of access." *United States v. Madoff*, 626 F. Supp. 2d 420, 424 (S.D.N.Y. 2009).  It is established that the competitive "interests of those resisting disclosure may establish countervailing interests against the presumption of disclosure."  *Cohen v. Gerson Lehrman Group, Inc.*, No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510, at *3 (S.D.N.Y. Sept. 15, 2011).

The passages sought to be sealed here by RPS contain information that is currently protected from disclosure by the Court's Stipulated Protective Order.  That confidential information has not been made public.  Indeed, the general public would have modest interest in the information at issue because it was generated by, and relates to, the internal activities of private entities and individuals.  *See, e.g.*, *Crum & Crum Enters. v. NDC of Cal.*, No. 09-145, 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011) (finding no persuasive public interest in the information, as "the case involves litigation between a private company and a private citizen").  And, for the reasons that follow, there exists good cause to seal the foregoing categories of information that RPS contends should remain non-public.

## II.     The passages at issue should be placed under seal.

### A.     Information regarding the operation of RPS's ScorePLUS product and algorithm should be sealed.[1]

As discussed in RPS's previous Motions to Seal, RPS's ScorePLUS's product is a statistical scoring model used by property management companies to evaluate prospective tenants' risk of non-payment based on criteria selected by the property management company. (*See* Dkt. Nos. 41, 41-1, 60, and 60-1.)  RPS's Memorandum in Opposition to Plaintiff's Motion to Compel contains limited passages detailing the function and operation of RPS's ScorePLUS

---

[1] RPS's ScorePlus product is discussed on page 2 and in section II(A) of RPS's Memorandum in Opposition to Plaintiff's Motion to Compel.

product.  The ScorePLUS model is based on a highly-proprietary, non-public algorithm that has been developed by RPS at great expense over a period of years.  Thus, compelling reasons exist to seal that information.

Protecting legitimate trade secrets is a "recognized exception to the right of public access to judicial records."  *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Hesse v. Sungard Sys. Int'l*, No. 12-1990, 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013) ("[S]afeguarding trade secrets can overcome the presumption of [public] access.") (citation omitted).  Courts have often sealed records that contain trade secrets, non-public business strategies, and/or confidential competitive information, which if disclosed, would result in competitive harm.  *See, e.g.*, *Hart v. U.S. Bank NA*, 2013 U.S. Dist. LEXIS 160147, at *10 (D. Ariz. Nov. 8, 2013) (granting request to seal credit policies stating "[t]hese policies contain detailed information regarding Defendant's underwriting decision making process[,]" and "credit decision matrixes which calculate credit decisions").

RPS has invested years and hundreds of employee hours into developing and maintaining its proprietary ScorePlus algorithm, at significant cost to RPS.  Kayani Decl., ¶ 4.  The structure and operation of that algorithm is highly-proprietary and is a valuable competitive differentiator for RPS, thus providing RPS with a distinct competitive advantage in the marketplace over its many competitors.  Kayani Decl., ¶ 4.  RPS keeps information regarding the operation of its ScorePLUS product strictly confidential to ensure that such information is not disclosed to third parties, including its competitors.  Kayani Decl., ¶ 4.  Public disclosure of information about how the algorithm operates would provide RPS's competitors with valuable insight into how the product functions, and it would allow those same competitors to institute a competing product without incurring any of the costs borne by RPS.  Kayani Decl., ¶ 4.  The fact that competitors

3

could use RPS's confidential information to their unfair advantage presents a compelling reason to seal that information. *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500, 2012 U.S. Dist. LEXIS 72862, at *7 (S.D. Cal. May 24, 2012) ("In this case, public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development.").

   **B.    Information regarding RPS's collection practices and internal reporting should be sealed.[2]**

   RPS's Response in Opposition to Plaintiff's Motion to Compel implicates RPS's current and historical practices for the collection and tracking of New York housing court records, along with a description of internal reporting regarding those practices.

   The non-public information regarding the nature of RPS's business is confidential, and its disclosure could provide potential competitors with insight into the extent and nature of RPS's collection procedures and strategies, thereby providing those third parties with intelligence that they could then use to compete with RPS. Kayani Decl., ¶ 3.  RPS's practices and internal strategies for the collection of New York housing court proceedings, including the practices with respect to the updating and currency of said records, have also been developed and refined over numerous years.  Kayani Decl., ¶ 3.  Therefore, this information should also be placed under seal.  *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning defendants' marketing strategies, product development, costs and budgeting"); *see also Refco Grp. Ltd, LLC v. Cantor Fitzgerald, L.P.*, No. 13-1654, 2015 U.S. Dist. LEXIS 92301, at *25 (S.D.N.Y. July

---

[2] RPS's collection strategies and internal reporting are discussed in sections II(B)-(C) of RPS's Memorandum in Opposition to Plaintiff's Motion to Compel.

15, 2015) ("It is well established that . . . competitively sensitive information like that at issue here, should be protected against public disclosure if disclosure would cause significant and irreparable competitive injury.") (citation omitted); *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 U.S. Dist. LEXIS 47949, at *3-4 (W.D. Wash. Apr. 7, 2014) ("The Court finds that it is appropriate to maintain under seal these documents because they contain confidential information related to how Defendants operate and maintain their call center.  [T]he documents contain details about Defendants' business operations that would primarily be of interest for Defendants' competitors."); *Buzoiu v. Risk Mgmt. Alternatives, Inc.*, No. 03-3579, 2004 U.S. Dist. LEXIS 11838, at *4 (E.D. Pa. Apr. 5, 2004) (granting motion to seal a "compilation of outlines, work sheets, internal policy statements and the like, designed to familiarize an employee with RMA's approved [debt] collection practices," as such materials were kept "confidential" by defendant and were "compiled by the expenditure of hundreds of hours of time and by drawing on the company's vast experience.").

Moreover, RPS's status as a participant in the consumer data industry, which is highly-attuned to market research, heightens the concern that its competitors could gain access to any disclosed information and will then use such information to gain a competitive advantage in the marketplace.  Kayani Decl., ¶ 7.  Sealing is thus especially appropriate.  *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) ("The risk of potential injury is increased here because . . . Intel is already the dominant player in this highly competitive market."); *Gelb v. American Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting the defendant's motion to seal internal financial operations documents because "the information is also potentially valuable commercial information which . . . could alter defendant AT&T's competitive position in the telecommunications market.").

**III.    RPS's sealing requests are narrowly tailored and no broader than necessary.**

Under Rule 4 of this Court's individual practices, requests to place information or documents under seal should be "narrowly tailored."   RPS's request to seal information is limited to discrete sections of its Memorandum in Opposition to Plaintiff's Motion to Compel. Discussion of the aforementioned categories in RPS's Memorandum in Opposition is necessary to rebut Plaintiff's Motion to Compel such that there is no less restrictive alternative to placing that material under seal.   Hence, the proposed sealing is narrowly-tailored and no broader than necessary.

**<u>CONCLUSION</u>**

WHEREFORE, Defendant, CoreLogic Rental Property Solutions, LLC, respectfully requests that the Court: (1) seal the information requested by RPS; and (2) grant RPS such other relief as may be appropriate.

March 15, 2019

TROUTMAN SANDERS LLP


By: */s/ Timothy St. George*
Timothy J. St. George
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
New York, NY 10022
Tel:  (804) 697-1254
Fax:  (804) 698-1300
tim.stgeorge@troutmansanders.com

*Attorneys for Defendant CoreLogic Rental Property Solutions, LLC*