UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CLAUDINNE FELICIANO,

                 Plaintiff,

   -against-

CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC,

                 Defendant.

------------------------------------------------------------- X

**ORDER REGULATING PROCEEDINGS**

17 Civ. 5507 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The Court, consistent with its discussion with counsel at the status conference held on November 15, 2019, instructs the parties to make the handwritten edits on the proposed class notice, *see* ECF No. 107, appended to this order. The parties shall then submit the updated notice to the Court for approval.

SO ORDERED.

Dated:    November 15, 2019
             New York, New York

                                               ALVIN K. HELLERSTEIN
                                               United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-15-19

<u>United States District Court for the Southern District of New York</u>

# You Have Been Identified As A Member Of A Class Action Lawsuit That May Affect Your Rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to advise you that you are a member of a class recently certified by a federal court and that you have certain rights which you may exercise as a result. No resolution of the case has been reached at this point. If you do not exclude yourself from the class by completing and returning the enclosed Opt-Out Notice, you will be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

- An individual in New York, on behalf of a class, has sued CoreLogic Rental Property Solutions, LLC ("RPS"), a national tenant screening bureau, alleging that RPS failed to completely and accurately report the disposition of certain New York Housing Court cases to prospective landlords, in violation of the federal Fair Credit Reporting Act ("FCRA") and the New York Fair Credit Reporting Act.

- The suit was filed in United States District Court for the Southern District of New York, which is located in Manhattan.

- The Court has allowed the lawsuit to proceed as a class action under the following definition for a specified list of individuals identified in the case, which included you: "All persons who, (1) were the subject of a credit report prepared by RPS; (2) prior to the issuance of the credit report, were a party in a Housing Court proceeding filed in a New York State court, which had a disposition of dismissed, discontinued or withdrawn; and (3) the RPS credit report referenced the Housing Court proceeding but failed to include such disposition."

- If the lawyers for the Plaintiffs do not prevail against RPS, there will be no recovery. The Court has not decided whether RPS did anything wrong, and RPS denies any wrongdoing.

40213863

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** <br><br> By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But you give up any rights to sue RPS on your own about the legal claims in this lawsuit and/or any claims that could have been asserted in this lawsuit based on actions occurring on or after July 19, 2015. |
| **ASK TO BE EXCLUDED** | **Exclude yourself from participation in this lawsuit. Get no benefits from it. Keep certain rights.** <br><br> If you ask to be excluded from this case and money or benefits are later awarded to the class, you won't share in that recovery. But you will then keep any rights you might presently have to sue RPS separately about the same legal claims in this lawsuit and/or any claims that could have been asserted in this lawsuit based on conduct or actions occurring after July 19, 2015. If you wish to be excluded, complete the opt out form attached to this notice, and mail it to the address shown by [**60 DAYS AFTER NOTICE SENDING DATE**]. |

- 
- If money or benefits are obtained from RPS you will be notified about your share of such an award. In order to ensure that you can be notified, should you move, you should provide Class Counsel with an update of your address and contact information.

- Any questions? See the balance of this notice or visit www.NEWYORKHOUSING COURTCLASSACTION.com.

40213863

## BASIC INFORMATION

### Why did I get this Notice?

You received this notice because records retained by RPS show that you are an individual who had been sued by a landlord in New York City Housing Court and that your case was included in a tenant screening report prepared by RPS at the request of a potential landlord that described the disposition of the case as "Case Filed" and thus pending, when, as of that date, Plaintiff alleges that the case against you had previously been disposed as dismissed, discontinued, or withdrawn. Defendant RPS denies these allegations. A trial will be set to decide whether the claims being made against RPS are correct. Judge Alvin K. Hellerstein of the United States District Court for the Southern District of New York is overseeing this class action. The lawsuit is captioned *Feliciano v. Corelogic Rental Property Solutions, LLC*, Civil Action No. CV-17-5507 (AKH).

### What is this lawsuit about?

This lawsuit alleges that RPS failed to use reasonable procedures in connection with its reporting of New York housing court records in tenant screening reports. Plaintiff alleges that RPS reported records of certain New York housing court proceedings with a disposition of "Case Filed," meaning that the case lacked a disposition at the time of its reporting by RPS, when the case had instead previously been disposed as dismissed, discontinued, or withdrawn and that RPS failed to insure the accuracy of bulk tenant data before selling the data and the resulting reports to prospective landlords, who rely on them to assess and screen potential tenants. It is alleged that, because of delays and deficient practices in collecting and updating the status of New York Housing Court records reported to landlords, RPS inaccurately reported that housing suits against tenants were ongoing, when in fact the suits had been resolved. Plaintiff asserts that this alleged conduct violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NYFCRA"), General Business Law ("GBL"), Art. 25, § 380 *et seq.* Plaintiff is asking the court to award statutory and punitive damages, fees, and costs for what she alleges to be RPS's willful violation of the FCRA and the NYFCRA. You can read the Plaintiff's Amended Class Action Complaint at wwwXXXXXXXXX.com (17-cv-5507, ECF No. 10).

RPS denies that it did anything wrong and/or that any damages are provable for Plaintiff and/or the members of the class. RPS contends that its practices are reasonable, and that those practices satisfy the requirements of the FCRA and the NYFCRA, and that proof of the reasonableness of its practices or any claimed damages would vary for each proposed class member. RPS's Answer to the Complaint can also be found on the website. (17-cv-5507, ECF No. 16).

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Claudinne Feliciano is the Plaintiff and Class Representative) sue on behalf of other people who are alleged to have have similar claims. The group of people together are a "Class" or "Class Members." The company they sued (in this case RPS) is called the Defendant. One court resolves all of the issues for everyone in the Class. The Class would include you unless you choose to exclude yourself from the Class.

### Why is this lawsuit a class action?

The court decided that this lawsuit can proceed as a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are approximately 2,000 individuals who met the class definition of having been "individuals who within two years prior to the commencement of this action (1) were the subject of a credit report prepared by RPS; (2) prior to the issuance of the credit report, were a party in a Housing Court Proceeding filed in a New York State court, which had a disposition of dismissed, discontinued or withdrawn; and (3) the RPS credit report referenced the Housing Court Proceeding but failed to include such disposition.
- There are legal questions and facts that are common to each of them;
- Claudinne Feliciano's claims are typical of the claims of the rest of the Class;
- Plaintiff and the lawyers representing her and the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

## THE CLAIMS IN THE LAWSUIT

### Has the Court decided who is right?

The Court hasn't decided whether the Plaintiff's or RPS's contentions are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case but instead it has ruled that the Plaintiff and the claims she has asserted, meet the requirements for class certification under the Federal Rules of Civil Procedure. Plaintiff must prove her claims in the case on behalf of the Class Members.

### What is Plaintiff asking for?

Plaintiff is asking the Court to award statutory damages for herself and the Class Members for what she alleges to be RPS's willful violation of the FCRA under 15 U.S.C. §§ 1681e(b), 1681o. Under those provisions of the FCRA, if liability is proven, damages could range from $100 to $1,000 to each of the Class Members. Plaintiff is not seeking actual individual damages on behalf of Class Members who may have been harmed by RPS, nor is she claiming that RPS' violation of the law was based on negligence. Instead, the Plaintiff is alleging that RPS' willfully violated the law. If you believe that you have actual provable damages (possibly, and just by way of example, in the form of out-of-pocket costs or credit repair damages)and/or a claim that RPS negligently violated your rights under the FCRA or NYFCRA with respect to the identified tenant screening report and wish to consider bring such claims on your own behalf, you should consult with an

attorney and consider excluding yourself from this case, as is discussed below.

### Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether RPS did anything wrong, and there has been no final disposition of the case. There is no guarantee that money or benefits ever will be obtained, as the case could be resolved in favor of RPS.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial. That decision must be made by **[60 DAYS AFTER NOTICE SENDING DATE]**.

### What happens if I do nothing at all?

You don't have to do anything now if you want to stay in the Class. If you stay in the Class and the Plaintiff obtains money or benefits for the Class Members, either as a result of a trial or a settlement, you will be notified about how to obtain your share

Should you move, you should provide Class Counsel with an update of your address and contact information.

### Why would I ask to be excluded?

If you have already brought your own case against RPS for claims arising from a tenant screening report you should ask to be excluded from the Class. Also, if you believe you have actual provable damages, you might wish to consider excluding yourself. If you exclude yourself from the Class—which also means to remove yourself from the Class (and is sometimes called "opting-out" of the Class) you won't get any money or benefits from this lawsuit even if the Plaintiff obtains them as a result of the trial or from any settlement (that may or may not be reached) between RPS and the Plaintiff. However, you may then be able to individually sue or continue to sue RPS on your own.

If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

### How do I ask the Court to exclude me from the class?

To ask to be excluded, you must complete and send an "Opt Out Notice" or a letter containing the information contained in the Notice stating that you want to be excluded from *Feliciano v. CoreLogic Rental Property Solutions, LLC*. Be sure to include your name and address, and personally sign the letter. You must mail your Opt-Out Notice postmarked by **[60 DAYS AFTER NOTICE ISSUES]** to: *Feliciano v. CoreLogic Rental Property Solutions, LLC Exclusions*, P.O. Box 0000, City, ST 00000-0000.

QUESTIONS? VISIT WWW. XXXXXXXXX.COM

You may also obtain an Opt-Out Notice form at the website, www.XXXXXXXXX.com.

## THE LAWYERS REPRESENTING YOU IN THIS CASE

### Do I have a lawyer in this case?

The Court decided that the law firms of Klafter Olsen & Lesser, LLP, of Rye Brook, N.Y., and Fishman Law P.C., of New York, N.Y., are adequate to represent you and all Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling similar class action cases. More information about these law firms, their practices, and their lawyers' experience is available at www.klafterolsen.com and www.fishmanlaw.nyc. You are not responsible to pay any fee to the lawyers representing the class. [handwritten: *may do so, making any agreement as to the fees and expenses as you mutually agree.*]

### Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf and will represent you at trial. But, if you want your own lawyer, you ~~will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you~~ [handwritten: *directly*].

### How will the lawyers be paid?

If Class Counsel obtains money or benefits for the Class, they may ask the Court to approve an award of legal fees and expenses to be paid by RPS. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by RPS.

## THE TRIAL

### How and when will the Court decide who is right?

The Court has not yet scheduled a trial to decide who is right in this case.

If the case is not resolved by a court decision prior to trial or by a settlement or otherwise, Class Counsel will have to prove the Plaintiff's claims at a trial for herself and the Class Members. A trial has not yet been scheduled. If a trial were to be held, it would take place at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. During the trial, the Judge and a Jury will hear all of the evidence to help them reach a decision about whether the Plaintiff or RPS is right about the claims in the lawsuit. There is no guarantee that the Plaintiff will win, or that she will obtain any money for the Class. You can check for periodic updates as to whether a trial might be scheduled at www.XXXXXXXXX.com.

### Do I have to come to trial, and will I get money after the trial?

You do not need to attend the trial, *unless the Court orders otherwise.* Class Counsel will present the case for the Plaintiff as Class Representative on behalf of the Class Members, and RPS will present its defenses. You are welcome to attend the trial if you like. If you do not exclude yourself from the class, you will be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action. If the Class Representative does not prevail at trial, you will also be bound by that judgment.

If the Plaintiff does obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know at this time how long this will take.

## GETTING MORE INFORMATION

Visit the website, www.XXXXXXXXXcom, where you will find the Plaintiff's Class Action Complaint, the Defendant's <u>Answer to the Complaint</u>, the Court's <u>Order Certifying the Class</u>, as well as an <u>Exclusion Request</u> form. You may also contact one of the lawyers, by emailing them either at acastillo@klafterolsen.com or jfishman@fishmanlaw.nyc or call them at 1-914-934-9200 (Klafter Olsen & Lesser LLP) or 1-212-897-5840 (Fishman Law PC), or by writing to: New York Housing Court Class Action, P.O. Box 000, City, ST 00000-0000.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANTS' COUNSEL. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

DATE: MONTH 00, 0000.

# OPT-OUT FORM

*Feliciano v. Corelogic Rental Property Solutions, LLC*,
United States District Court Southern District of New York
Civil Action No. CV-17-5507

This is an opt-out Form, NOT a Claim Form. It EXCLUDES you from this Class Action.
<u>DO NOT use this Form if you wish to remain IN this Class Action.</u>

Name: _____

Address: _____
        Street                        City           State          Postal Code

Telephone: _____
          Area Code/Phone No. (Ext. if applicable)

I do not wish to participate in this Class Action and wish to opt out.


_____   _____
Date Signed                          Signature

This form must be postmarked to [NO LATER THAN _____, at the addresses below].


Mail to: _____