UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**CLAUDINNE FELICIANO,**

      **Plaintiff,**

      -against-

**CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC**

      **Defendant.**

------------------------------------------------------------------------X

Case No. 1:17-cv-5507

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND DIRECTING NOTICE TO CLASS

This matter comes before the Court on Plaintiff's Motion for Motion for Preliminary Approval of the Proposed Class Action Settlement, the Class Notice Plan, and Appointment of Settlement Administrator.  After review and consideration of the Settlement Agreement, the papers in support of the motion, including the Lesser Declaration, all of its accompanying exhibits, and all prior proceedings in this Action, it is hereby ordered as follows:

    1.    The Court preliminarily approves the proposed settlement on behalf of the class previously certified by the Court on July 29, 2019 (Dkt. No. 89) (the "Class"), including all terms and conditions set forth in the Settlement Agreement and finds, for the reasons set forth in Plaintiff's motion papers, that it will likely be able to approve the proposed settlement pursuant to Fed. R. Civ. P. 23(e)(2).  All definitions and terms set forth in the Settlement Agreement are incorporated herein by reference.

    2.    The Court incorporates its Order granting Plaintiff's Motion to Certify the Class, (Dkt. No. 89) ("Class Certification Order"), which was granted over Defendant's objections,

and finds that this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because, for the reasons set forth in the Class Certification Order, the perquisites of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) are met on behalf of the Class, which was defined as:

> All individuals who within two years prior to the commencement of this action (1) were the subject of a credit report prepared by RPS; (2) prior to the issuance of the credit report, were a party in a Housing Court Proceeding filed in a New York State court, which had a disposition of dismissed, discontinued or withdrawn; and (3) the RPS credit report referenced the Housing Court Proceeding but failed to include such disposition.

The Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; the Named Plaintiff's attorneys; any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

3. The Class consists of 1,921 members who did not previously timely exclude themselves from participation in this class action;

4. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then Defendant may seek to decertify the Class. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

5. Pursuant to the Court's Class Certification Order, Claudinne Feliciano has been appointed as the Class Representative. Seth R. Lesser, Jeffrey A. Klafter, and Alexis H. Castillo of Klafter, Olsen, & Lesser LLP and James Fishman of FishmanLaw, PLLC have been appointed as counsel for the Class ("Class Counsel").

6. The Court appoints American Legal Claim Services LLC as Settlement Administrator.

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2020 *(at least 120 days after entry of Preliminary Approval Order)* at the United States District Court, Southern District of New York, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, ____.m. for the following purposes:

(a) To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

(b) To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the Settlement Agreement;

(c) To consider the application of Class Counsel for an award of attorney's fees, costs, and expenses, and the application for a service award to the Class Representative; and

(d) To rule upon other such matters as the Court may deem appropriate.

This date, time, and place shall be included in the settlement Notice to the Class. If, however, the date and/or time of Final Approval Hearing is changed, notice of the change need only be posted by the Court on the case docket and by the Settlement Administrator on its case related website.

8. The Court has reviewed the proposed Class Notice Plan (including the CAFA Notice and the form of settlement Notice to the Class) and preliminarily concludes that such Notice constitutes the best notice practicable under the circumstances to the Class and satisfies Rule 23(e) and due process, and hereby orders Class Counsel and the Settlement Administrator to effectuate its provisions, as set forth in Section 4.2 of the Settlement Agreement.

9. If a Class Member chooses to opt-out of the settlement, that Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked or sent by an overnight service provided by the United States Post Office, Federal Express, United Parcel Service or similar service on or before the date specified in the Class Notice, which shall be sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing. A Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Class if the Settlement Agreement is granted Final Judgment and the Effective Date occurs. The Settlement Administrator and Class Counsel are hereby ordered to effectuate the filing of the list of valid Opt Outs pursuant to Section 4.4.5.2 of the Settlement Agreement.

10. A Class Member who does not file timely a request for exclusion from the settlement or otherwise does not follow the procedure described in the Settlement Agreement for requesting exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

11. Any Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection on or before the date specified in the Class Notice, which shall be no later than sixty (60) days after the initial mailing of the Settlement Notice. The notice of objection shall be sent by First Class United States Mail or by an overnight service provided by the United States Post Office, Federal Express, United Parcel Service or similar service to the Settlement Administrator and the Clerk of the Court. The objection must include the following: (1) the Class Member's full name, address and current telephone number; (2) all objections and the basis for any such objections stated with specificity; (3) if the individual is represented by counsel, the name and telephone

number of their counsel; (4) if the objector intends to appear at the Final Approval Hearing, either with or without counsel, the objection must so state and (5) if so (a) the identity of any witnesses the objector may call to testify; (b) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct copies of such exhibits.  Any Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement, unless otherwise ordered by the Court, and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

12. No later than ten (10) business days prior to the Final Approval Hearing, Class Counsel shall prepare and file with Defendant's review and approval with the Court a motion for final approval of the settlement; for Class Counsel's application for fees, costs and expenses; for the Class Representative's application for a service award, as well as the list of opt outs from the Settlement  required by Section 4.4.5.2 of the Settlement Agreement and the list of all persons who have timely objected to the settlement and all documents relating to the objections.

13. To effectuate the settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Settlement Agreement, and directs the parties to incorporate the deadlines and dates in the Settlement Notice as follows:

| DESCRIPTION | DEADLINE |
| --- | --- |
| Deadline for Plaintiff to provide to the Settlement Administrator with the list of settlement Class Members for notice purposes pursuant to Section 4.2.1 of the Settlement Agreement. | Within 10 business days of entry of this order. |

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for mailing of settlement notice by the Settlement Administrator pursuant to Section 4.2.3 of the Settlement Agreement. | Within 10 business days after receipt of the list of settlement Class Members from Class Counsel. |
| Deadline for Class Members to submit written objections to the Settlement. | Within 60 calendar days after the date of initial mailing of the Settlement Notice. Any objection must comply with the requirements set forth in paragraph 11, above. |
| Deadline for Class Members to opt-out of the Settlement. | No later than 30 days before Final Approval Hearing. Any Opt Out Request by a Class Member must comply with the requirements set forth in paragraph 9, above. |
| Deadline for Plaintiff to file a motion for final approval of the settlement; for Class Counsel's application for fees, costs and expenses; for the Class Representation's application for a service award. | Ten (10) business days prior to the Final Approval Hearing |
| Final Approval Hearing | _____, 2020 (at least 120 days from the date of entry of this Order and no earlier than 90 calendar days from the date Notice of Settlement has been provided in accordance with 28 U.S.C. § 1715) |

14.     Pending the Final Approval Hearing, all other deadlines set in this Action shall be suspended and all proceedings in this Action other than to effectuate the Settlement shall be stayed.

15.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

Dated: _____ \_\_, 2020