UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    Case No. 17-CV-05507 (AKH)
CLAUDINNE FELICIANO,
Individually and on behalf of all others
similarly situated,

                          Plaintiff,

               -against-

CORELOGIC SAFERENT, LLC,
a/k/a CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC,

                       Defendant.
-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND COSTS, AND <u>INCENTIVE AWARD TO NAMED PLAINTIFF</u>

# TABLE OF CONTENTS

I.     Introduction ...........................................................................................................1

II.    Procedural History & Background ........................................................................2

III.   Summary of Settlement Terms, The Notice That Was Sent, And The Class's Reaction .... 2

IV.   ARGUMENT ........................................................................................................5

     A.     The Settlement Class Should Be Finally Approved for Settlement Purposes .......... 6

     B.     The Settlement Should be Approved as Fair, Reasonable, and Adequate ............. 7

         1.     The Rule 23(e)(2) Factors Are Met. ................................................ 7

             a.     Rule 23(e)(2)(A): The Class Representative and Class Counsel have adequately represented the Class ................................. 8

             b.     Rule 23(e)(2)(B): The proposal was negotiated at arm's length ................................................................................. 9

             c.     Rule 23(e)(2)(C)(i): The relief provided for the Class is adequate, taking into account the costs, risks, and delay of trial and appeal ........................................................................10

             d.     Rule 23(e)(2)(C)(ii): The relief provided for the Class is adequate, taking into account the effectiveness of the proposed method of distributing relief to the class including the method of processing class-member claims if required ......................................12

             e.     Rule 23(e)(2)(C)(iii): The terms of any proposed award of attorney's fees, costs and expenses, including the timing of payment ...........................................................................12

             f.     Rule 23(e)(2)(C)(iv): Any agreement required to be identified under Rule 23(e)(3) ....................................................13

             g.     Rule 23(e)(2)(D): The proposal treats Class Members equitably relative to each other ...........................................................13

         2.     The *Grinnell* Factors Are Also Met. ............................................13

     C.     Class Counsel's Request for An Award of Class Counsel's Fees, Costs and Expenses Should Be Approved ...............................................................14

i

1. The Court Should Award Class Counsel's Reasonable Costs and Expenses.............................................................................15

2. The Court Should Award the Requested Attorneys' Fees of $560,000......16

 a. Amount of Counsel Time and The Fee's Relation to the Settlement ....16

 b. Case's Magnitude and Complexities and the Risk of Continued Litigation.................................................................................18

 c. Quality of the Representation..................................................19

 d. Public Policy Considerations ................................................19

D. The Service Payment to the Named Plaintiff Should Be Approved......................20

V. CONCLUSION ...................................................................21

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Beckman v. KeyBank, N.A.,*
    293 F.R.D. 467 (S.D.N.Y. 2013) ........................................................... 17

*Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.,*
    2016 U.S. Dist. LEXIS 124202 (E.D. Pa. Sept. 12, 2016) ...................... 9

*Brooks v. Am. Export Indus., Inc.,*
    1977 U.S. Dist. LEXIS 17313 (S.D.N.Y. Feb. 17, 1977) ...................... 10

*Carter v. Shalhoub Mgmt. Co., No.* Civ. No. 15-01531
    2017 U.S. Dist. LEXIS 221011 (C.D. Cal. Mar. 15, 2017)...................... 6

*Chambless v. Masters, Mates & Pilots Pension Plan,*
    885 F.2d 1053 (2d Cir. 1989) ............................................................... 18

*City of Detroit v. Grinnell Corp.,*
    495 F.2d 448 (2d Cir. 1974) .......................................................... 10, 13

*Denney v. Jenkens & Gilchrist,*
    230 F.R.D. 317 (S.D.N.Y. 2005) ......................................................... 20

*Deposit Guaranty Nat'l Bank v. Roper,*
    445 U.S. 326 (1980) ............................................................................. 17

*Diamond D Enters. USA v. Steinsvaag,*
    979 F.2d 14 (2d Cir. 1992) .................................................................. 18

*DiFilippo v. Morizio,*
    759 F.2d 231 (2d Cir. 1985) ................................................................ 18

*Dolgow v. Anderson,*
    43 F.R.D. 472 (E.D.N.Y. 1968) .......................................................... 19

*D'Amato v. Deutsche Bank,*
    236 F.3d 78 (2d Cir. 2001) .................................................................... 9

*Feliciano v. Corelogic Rental Prop. Sols., LLC,*
    2019 U.S. Dist. LEXIS 136659 (S.D.N.Y. Aug. 12, 2019) ................... 6

*Flores v. Express Services, Inc.,*
    2017 U.S. Dist. LEXIS 47451 (E.D. Pa. Mar. 30, 2017)....................... 6

*Fullwood v. Wolfgang's Steakhouse, Inc.*, 13-cv-7174,
    2015 U.S. Dist. LEXIS 96903 ................................................................. 11

*Goldberger v. Integrated Resources, Inc.*,
    209 F.3d 43 (2d Cir. 2000) .................................................................... 16

*Hicks v. Morgan Stanley & Co.*, 01-cv-10071,
    2005 U.S. Dist. LEXIS 143542 (Oct. 24, 2005) .................................... 11

*In re Austrian & German Bank Holocaust Litig.*,
    80 F. Supp. 2d 164 (S.D.N.Y. 2000) ....................................................... 8

*In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 Civ. 10240,
    2007 U.S. Dist. LEXIS 57918 (S.D.N.Y. July 27, 2007) ................... 9, 10

*In re Giant Interactive Grp., Sec. Litig.*,
    279 F.R.D. 151 (S.D.N.Y. 2011) ........................................................... 14

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ........................................................... 14

*In re GSE Bonds Antitrust Litig.*, 19-cv-1704,
    2020 U.S. Dist. LEXIS 104842 (S.D.N.Y. June 16, 2020) ................... 20

*In re Marsh ERISA Litig.*,
    265 F.R.D. 128 (S.D.N.Y. 2010) ........................................................... 15

*In re PaineWebber Ltd. P'ships Litig.*,
    171 F.R.D. 104 (S.D.N.Y.) .................................................................... 10

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 05-MD-1720,
    2019 U.S. Dist. LEXIS 216796 (E.D.N.Y. Dec. 16, 2019)……… ...............……..………….19

*Lunday v. City of Albany*,
    42 F.3d 131 (2d Cir. 1994) .................................................................... 18

*Marin v. Dave & Busters, Inc.*, 15 Civ. 3608,
    2019 U.S. Dist. LEXIS 232134 (S.D.N.Y. July 19, 2019) .................... 20

*McCann v. Coughlin*,
    698 F.2d 112 (2d Cir. 1983) .................................................................. 18

*Millien v. Madison Square Garden Co.*, 17-cv-4000
    2020 U.S. Dist. LEXIS 141633 (S.D.N.Y. August 7, 2020) ............................................ *passim*

*Northrup v. Hoffman of Simsbury, Inc.,* 3:96-cv-00097,

    2000 U.S. Dist. LEXIS 23041 (D. Conn. March 14, 2000) ................................... 18

*Orchano v. Advanced Recovery, Inc.,*

    107 F.3d 94 (2d Cir. 1997) ........................................................................ 17

*Parker v. Jekyll & Hydye Entm't Holdings., L.L.C.,* 08 Civ. 7670,

    2010 U.S. Dist. LEXIS 12762 (S.D.N.Y. Feb 9, 2009) ........................................ 17

*Patel v. Trans Union, LLC,* 14-cv-00522-LB,

    2018 U.S. Dist. LEXIS 40282 (N.D. Cal. Mar. 11, 2018) ...................................... 6

*Safeco Insurance Co. of America v. Burr,*

    551 U.S. 47 (2007) ................................................................................. 11

*Sapp v. Experian Information Solutions, Inc.,* 10-cv-4312,

    2013 U.S. Dist. LEXIS 71279 (E.D. Pa. May 15, 2013) ...................................... 11

*Strougo v. Bassini,*

    258 F. Supp. 2d 254 (S.D.N.Y. Apr. 7, 2003) ....................................................... 11

*United States Football League v. Nat'l Football League,*

    887 F.2d 408 (2d Cir. 1989) ........................................................................ 18

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*

    396 F.3d 96 (2d Cir. 2005) ...................................................................... 7, 14

**<u>Rules, Statutes and Other Regulations</u>**

Federal Rule of Civil Procedure 23 ....................................................... *passim*

Plaintiff Claudinne Feliciano ("Plaintiff") on her own behalf and on behalf of the members of the class (the "Class") certified by this Court in its order dated July 29, 2019 (ECF No. 89, *Feliciano v. Corelogic Rental Prop. Sols., LLC*, 332 F.R.D. 98 (S.D.N.Y. 2019))[1] submits this memorandum in support of her unopposed motion, pursuant to Federal Rules of Civil Procedure 23(e), 23(h), and 54(d)(2), for the following relief:  (1) final approval of the Settlement as adequate, fair and reasonable; (2) an award of attorneys' fees of $560,000 and an award of costs and expenses of $95,000; and (3) an incentive payment to the Named Plaintiff in the amount of $20,000.[2]  A proposed form of final approval order and judgment as was previously agreed-upon by the parties and a copy is attached hereto as Exhibit A.

## I.      Introduction

Plaintiff is pleased to move for final approval of the Settlement of this action.  On September 4, 2020, this Court granted Plaintiffs' motion preliminarily approving settlement and directing notice to the Class and setting the date for the fairness hearing.  ECF No. 141 ("Preliminary Approval Order").  The 1,921 Settlement Class Members have been appropriately notified and no member has properly opted out.  *See* Pirrung Decl. ¶ 7; Lesser Decl. ¶¶ 22-25; *see*

---

[1] The Class and Settlement Class, as re-affirmed by the Court in its preliminary approval order (ECF No. 141) consists of:

> All individuals who within two years prior to the commencement of this action (1) were the subject of a credit report prepared by RPS; (2) prior to the issuance of the credit report, were a party in a Housing Court Proceeding filed in a New York State court, which had a disposition of dismissed, discontinued or withdrawn; and (3) the RPS credit report referenced the Housing Court Proceeding but failed to include such disposition.

[2] Unless otherwise noted, all references to the "Lesser Prelim. Decl." are to the Declaration of Seth R. Lesser in support of Plaintiff's motion for preliminarily approval (ECF No. 138), while references to the "Pirrung Decl." are to the Declaration of Jeffrey Pirrung, attached as Exhibit B to the present Lesser Declaration ("Lesser Decl.").   Additionally, this memorandum uses the same defined terms as are used in the Settlement Agreement (ECF No. 138 at Ex. A) and that were used in the memorandum in support of preliminary approval (ECF No. 139).

*also* pages 4 and 14, below).  And, while a single class member filed a purported "objection," it is not only inaccurate in its recitation of the particular class member's grievance, but it does not actually object to any term of the Settlement.  *See* Lesser Decl. ¶¶ 23-25; *see also* page 4, below. The overall response from the Class is thus in support of approval (Lesser Decl. ¶ 16), which will provide a recovery of at least $450, directly paid to each Settlement Class Member, none of whom had to submit a claim form.  There cannot be any fair dispute that the Settlement was not the result of a contested litigation and an arms-length mediation between skilled and competent counsel. In sum, the Settlement provides the Collective and Settlement Class Members with relief warranting approval.

## II.      Procedural History & Background

The history of this litigation – including the reporting claims at issue, the motion practice, the fact and expert discovery (and Plaintiff's *Daubert* challenge), the certification of the class, Defendant's motion for summary judgment, as well as the mediation conducted with the Hon. Diane M. Welsh (retired) – was previously summarized for the Court at pages 2-6 of the memorandum for preliminary approval, ECF No. 139, which is incorporated by reference to avoid repetition.

## III.     Summary of Settlement Terms, The Notice That Was Sent, And The Class's Reaction

As here relevant, the Settlement's primary terms provide that:

1. Without having to submit a claim form, each of 1,921 Settlement Class members who do not opt out of the Settlement will directly receive a check of $450 from a $864,450 fund that Defendant will pay and which will be administered by the Settlement Administrator.  Settlement Agreement (ECF No. 138 at Ex. A) ¶¶ 4.2.1, 4.3.1, 5.1.

2. Defendant separately has paid (and will pay in full) the costs of Class notice, Class Action Fairness Act ("CAFA") notice, and Settlement administration, so that those costs will not diminish the Class's $450 minimum payment amount. However, in the event that if there are any uncashed checks from the initial

distribution, such administration and notice fees shall be reimbursed to Defendant.  As to any remaining funds thereafter, if a second distribution in the amount of at least $10 per Class member who cashed their check can be made, there will be a second distribution.  If the to-be-distributed amount does not exceed $10 per Class member, the Parties will seek the Court's approval to use the remaining amount to be paid to the National Consumer Law Center and the National Association of Consumer Advocates as a *cy pres* award (provided that those organizations stipulate that the award amount will not be used in furtherance of litigation and be used for tax-exempt 501(c)(3) purposes).  Settlement Agreement (ECF No. 138 at Ex. A) ¶¶ 4.2.5, 5.3.2.

3.  Defendant has agreed to pay attorneys' fees and costs in the amount of $655,000 ($95,000 in costs and expenses and $560,000 in fees) and a service award to the named Plaintiff in the amount of $20,000, all subject to the Court's approval upon the present motion.  Settlement Agreement (ECF No. 138 at Ex. A) ¶¶ 5.3, 5.3.1.

4.  In return for the consideration provided under the Settlement, Plaintiff and all Class members who do not opt out shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all claims asserted in the Litigation under 15 U.S.C. 1681e(b) and N.Y. Gen. Bus. Law § 380-j(e) or that could have been asserted in the Litigation, including claims under or any state law equivalents of those statutes, and all damages available with respect to such claims, whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which the Plaintiff and Class Members who have not properly excluded themselves ever had or now have against the Defendant and/or any of its parents, subsidiaries, corporate affiliates, representatives,  employees, agents, officers, directors, insurers, or affiliates.  Settlement Agreement (ECF No. 138 at Ex. A) ¶ 4.4.

Since preliminary approval and with the Parties' aid, the Court-appointed Settlement Administrator, American Legal Claim Services LLC, has effectuated the notice to the Class pursuant to the Court's Preliminary Approval Order, established the settlement website, and has fielded responses of the Class members.  Pirrung Decl. ¶¶ 4-9, Lesser Decl. ¶¶ 17-19.  In addition, it also effectuated the CAFA notice.  *See* ECF No. 142.  It will continue to perform these duties and those outlined in the Settlement Agreement going forward, in the event of approval, including continuing to handle inquiries from the Collective and Settlement Class Members, determining the proper payment to, and providing payment to, the Settlement Class Members, and issuing the required tax forms.  Lesser Decl. ¶ 20.

The Settlement Class's reaction has been positive, with the Settlement Class members who reached out to Class Counsel expressing how pleased they are with the Settlement. Lesser Decl. ¶ 16. In terms of formal responses, as of the filing of this motion, one Class Member has attempted to "opt-out" and one has attempted to "object." Lesser Decl. ¶¶ 21-25. The deadline to opt out of the Settlement was January 24, 2021, and the deadline to object was December 7, 2020. Lesser Decl. ¶¶ 21-22. As explained in the Pirrung Declaration at ¶ 7 and in the Lesser Declaration at ¶¶ 22-25, a single "opt-out" document was received by American Legal Claim Services but it was not a valid settlement opt-out, inasmuch as it was an opt-out form from the litigation class, not the settlement class, and was belatedly received on November 3, 2020, nearly six months after the May 19, 2020 deadline to opt-out the litigation class.

Likewise, a single document styled an "objection" was received. It was from a Mr. Clifton Lyons and filed on the Court's docket on October 20, 2020, (ECF No. 143). The objection purports to object to the Settlement Agreement for three reasons: (1) "Clifton Lyons does not know what the offer is"; (2) "Clifton Lyons called the Lawyers listed on the letter and no one answer"; and (3) "Clifton wants to know what the other side is offering." The objection does not state that Mr. Lyons is a Class Member, although he, in fact, is one. Lesser Decl. ¶ 23.

In response to this "objection," on November 16, 2020, Class Counsel sent, via regular mail and FedEx, a letter to Mr. Lyons addressing his concerns and noting the numerous communications he has had with Class Counsel and the explanations provided to him regarding the Settlement Agreement. *See* Lesser Decl. ¶ 24, Ex. C, Ltr. of Seth Lesser to Clifton Lyons. Neither Class Counsel nor the Settlement Administrator, has not received any additional communications, objections, or an opt-out from Mr. Lyons since then. Lesser Decl. ¶ 24.

As to Mr. Lyons's "objection", itself, it is inaccurate and should be rejected by the Court. First, and most materially, it is not an "objection" to any provision of the Settlement – it rather is

a complaint about his lack of understanding of the Settlement, and asserts that Class Counsel failed to communicate with him.  It states no substantive issue with the Settlement in any respect.

Second, as to his assertions about Class Counsel, contrary to Mr. Lyons's statements that he "does not know what the offer is" and does not know "what the other side is offering," the Notice approved by this Court and sent to Mr. Lyons clearly indicates the compensation he will receive if the settlement is finally approved, and the claims he will be releasing in exchange for said compensation.  Additionally, and relatedly, in actual fact, Mr. Lyons time and again during the course of the case spoke to numerous persons, from attorneys to paralegals, at both of Class Counsel's firms during August, September, and October 2020.  He most recently spoke to the undersigned on October 8, 2020 during which Class Counsel explained the Settlement Agreement to him, as Class Counsel and their staff had done on the previous occasions since the Settlement was reached.  Lesser Decl. ¶ 25.  Accordingly, Mr. Lyon's "objection" is neither an actual objection to the Settlement nor accurate in what it does recite.  In short, this "objection" should be rejected.

There also was no objection from any state attorney general who received notice under the Class Action Fairness Act.

In sum, the overall response from the Class is overwhelmingly in support of approval of the Settlement Agreement.

## IV.    ARGUMENT

This Settlement would, if approved by the Court, resolve the FCRA, NYFCRA, and analogous state law claims of the Class. Plaintiff believes that the recovery here is not merely adequate—it is an excellent result.  Lesser Decl. ¶ 16.  The actual recovery to each Class Member will be at least $450, directly paid, without the need for a claim form.  Inasmuch as the

FCRA's range for recovery of statutory damages for a willful violation of the Statute is from $100 to $1,000, $450 as a settlement amount is, even on its face, a reasonable amount.

And, although every case is different, in other FCRA cases, settlement amounts received by class members have been approximately the same or often less than the amount here.[3]  The $450 recovery number here, to be paid directly to the Class without the need for a claim form, is undoubtedly a fair, reasonable, and adequate result.  *Id.*

A.    **The Settlement Class Should Be Finally Approved for Settlement Purposes**

The parties here are not seeking certification of the Settlement Class because the Class here is the same Class that the Court certified for litigation purposes, *Feliciano v. Corelogic Rental Prop. Sols., LLC*, 332 F.R.D. 98 (S.D.N.Y. 2019), which certification the Court upheld against Defendant's motion for reconsideration, *Feliciano v. Corelogic Rental Prop. Sols., LLC*, 2019 U.S. Dist. LEXIS 136659, at *1 (S.D.N.Y. Aug. 12, 2019), and as to which the Second Circuit did not grant Rule 23(f) interlocutory review.

---

[3] *See, e.g.*, *Leo v. Appfolio, Inc.*, No. 3:17-cv-05771-RJB (W.D. Wash.) at Dkt. No. 66 (final approval granted July 18, 2019 in tenant screening class action; payment of $425 to class members);  *Patel v. Trans Union, LLC*, No. 14-cv-00522-LB, 2018 U.S. Dist. LEXIS 40282, at *2-3 (N.D. Cal. Mar. 11, 2018) (payment of $400.00 to each class member); *Flores v. Express Services, Inc.*, No. 14-3298, 2017 U.S. Dist. LEXIS 47451, at *1 (E.D. Pa. Mar. 30, 2017) (approval of FCRA settlement with $50 automatic payment to 32,000 member class, with option to seek additional payment from damages fund); *Carter v. Shalhoub Mgmt. Co.*, No. EDCA-15-01531-MWF-(JCx), 2017 U.S. Dist. LEXIS 221011 (C.D. Cal. Mar. 15, 2017) (automatic payment of $276 to each class member); *King v. Gen'l Info. Serv's, Inc.*, C.A. No. 10-6850 (ECF 125) (E.D. Pa. Nov. 14, 2014) (challenging practice of reporting outdated adverse non-conviction records; class members paid $49.68 each); *Robinson v. Gen'l Info. Serv's, Inc.*, C.A. No. 11-7782 (ECF 55) (E.D. Pa. Nov. 4, 2014) (challenging practice of failing to notify consumers that consumer reporting agency was reporting to prospective employers; class members paid $49 each); *Marcum v. Dolgencorp, Inc.*, No. 12-cv-108 (ECF 78) (E.D. Va. Oct. 16, 2014) (approving settlement that pays inadequate disclosure class members $53 each).

Accordingly, for the reasons set forth in the Court's Opinion and Order Certifying the Class, which is incorporated herein and need not be repeated, this factor has already been determined by the Court to have been met, as has been, relatedly, the adequacy of the Class Representative and Class Counsel.

**B.    The Settlement Should be Approved as Fair, Reasonable, and Adequate**

**1.    The Rule 23(e)(2) Factors Are Met.**

As to the Settlement terms themselves, Rule 23(e)(2) provides that courts should grant final approval to class action settlements that are "fair, reasonable, and adequate."  In analyzing a proposed settlement, courts in the Second Circuit consistently favor the settlement resolution of disputed claims, "particularly in the class action context."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).  Courts engage in a review of "both procedural and substantive fairness."  *Millien v. Madison Square Garden Co.*, 17-cv-4000 (AJN), 2020 U.S. Dist. LEXIS 141633, at *12 (S.D.N.Y. August 7, 2020) (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)).

In making such an independent assessment, as amended by the 2018 Rule 23 amendments, there is a four-factor test specifically to be used to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision…."  Fed. R. Civ. P. 23(e)(2) Adv. Comm. Notes to 2018 Amendments.  Accordingly, under the 2018 Rule 23 amendments, a settlement is "fair, reasonable, and adequate" if:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided to the class is adequate, taking into account:

(i)       the costs, risks, and delay of trial and appeal;

(ii)        the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)       the terms of any proposed award of attorney's fees, including the timing of payment; and

(iv)       any agreement required to be identified under Rule 23(e)(3); and

(D)  the proposal treats class members equally to each other.

Subparagraphs (A) and (B) address the "procedural fairness" of the settlement, while subparagraphs (C) and (D) address "substantive fairness."  Fed. R. Civ. P. 23(e)(2) Adv. Comm. Notes to 2018 Amendments (hereafter, "Advisory Committee Notes").  These four provisions are addressed in turn below, and, while the discussion below tracks that in Plaintiff's preliminary approval brief -- which now occurs given the nature of the 2018 amendments to Rule 23(e) – and which the Court found to warrant preliminary approval, they are repeated here for the Court's convenience.

### a.  Rule 23(e)(2)(A): The Class Representative and Class Counsel have adequately represented the Class.

This factor focuses "on the actual performance of counsel acting on behalf of the class." Advisory Committee Notes; *see also In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 177 (S.D.N.Y. 2000) (to support a settlement, class counsel should show that "[t]he pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [but] an aggressive effort to ferret out facts helpful to the prosecution of the suit.).

Here, not only is there the evidence, as discussed, of the result obtained, but cases like this present, as discussed below, substantial risk and often do not lead to any recovery.

Here, Class Counsel moved this case, which involved a complex understanding of New York Housing Court rules and procedures and credit reporting procedures, successfully through

class certification and the point of trial.  Lesser Prelim. Decl. ¶¶ 11, 17-19.   Class Counsel

developed a full record setting forth the merits claims in the case and would have been in a

strong position to argue for Defendant's willful violation of the FCRA and NYFCRA. *See* ECF

Nos. 36 at 3-16 (factual recitation of record in Plaintiff's memorandum in support of class

certification); Nos. 36-2 − 36-25, 36-30 − 36-35 (exhibits in support of that motion); and No. 117-

6 at 8-23 (internal pagination) (report of Plaintiff's expert, Andrew Scherer, relying upon factual

record established by Class Counsel in case).  Class Counsel believe that it is fair to say that they

had vigorously pursued the claims of the Class and were well situated to defeat summary

judgment and proceed to a trial.  Lesser Prelim. Decl. ¶¶ 17-18.

Additionally, as discussed at page 6, above, the actual direct payment recovery to each

Class Member of at least $450, is a reasonable settlement amount and as good as, if not better,

than that obtained in other credit reporting cases.  The $450 per Class member recovery

number here is, Class Counsel submits, undoubtedly a fair, reasonable, and adequate result.

Therefore, the Court should find this factor to be satisfied.

### b.  Rule 23(e)(2)(B): The proposal was negotiated at arm's length.

This factor focuses on whether the settlement negotiations "were conducted in a manner

that would protect and further the class interests."  Advisory Committee Notes.  Here, this factor

is satisfied because the settlement was achieved through arm's-length negotiations between the

parties with the assistance of an experienced neutral third-party mediator, a former federal

magistrate judge.  Lesser Prelim. Decl.  ¶ 11, Lesser Decl. ¶¶ 12, 17.  "[T]he participation of an

independent mediator in settlement negotiations virtually ensures that the negotiations were

conducted at arm's length and without collusion between the parties."  *Bellum v. Law Offices of

Frederic I. Weinberg & Assocs., P.C.*, 2016 U.S. Dist. LEXIS 124202, at *15 (E.D. Pa. Sept. 12,

2016) (quotation omitted); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (court may find the negotiating process fair where, as here, "the settlement resulted from arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability . . . necessary to effective representation of the class's interests.") (citation omitted); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. July 27, 2007) (if settlement achieved through arm's-length negotiations, "[a]bsent fraud or collusion," "[courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement."); *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y.) ("So long as the integrity of the arm's length negotiation process is preserved . . . a strong initial presumption of fairness attaches to the proposed settlement."), *aff'd*, 117 F.3d 721 (2d Cir. 1997). Therefore, this factor is also satisfied.

### c. Rule 23(e)(2)(C)(i): The relief provided for the Class is adequate, taking into account the costs, risks, and delay of trial and appeal.

This factor recognizes that while the "relief that the settlement is expected to provide to class members is a central concern," such relief must be viewed in relation to "the cost and risk involved in pursuing a litigated outcome." Advisory Committee Notes. This analysis "cannot be done with arithmetic accuracy, but it can provide a benchmark for comparison with the settlement figure." *Id.*

Here, this factor is also likely to be satisfied. As discussed above, the recovery to each Class member will be $450, directly paid, which is not only on its own an excellent result (45% of the maximum statutory damage) but on a comparative basis considering other FCRA settlements. *See* page 6 fn. 3, *supra*; *compare, e.g.*, *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("There is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.");

*Brooks v. Am. Export Indus., Inc.*, 1977 U.S. Dist. LEXIS 17313, at \*16-18 (S.D.N.Y. Feb. 17, 1977) (approving settlement of less than 1% of the best possible recovery).

And this result has to be measured against risks and costs. Absent settlement, and even assuming that Plaintiff defeated Defendant's motion for summary judgment, trial would have ensued with risks. To recover on the claim for statutory damages, Plaintiff would have to prove a willful violation of the FCRA at trial, a high hurdle to clear, and one that Defendant had shown it was willing to vigorously challenge, including in connection with a pending summary judgment motion at the time that settlement was reached. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69 (2007) (willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."); *see also Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-7174, 2015 U.S. Dist. LEXIS 96903, a \*3 (S.D.N.Y July 23, 2015); *Sapp v. Experian Information Solutions, Inc.*, No. 10-cv-4312, 2013 U.S. Dist LEXIS 71279, at \*2 (E.D. Pa. May 15, 2013) (noting potential of successful willfulness defense).

And even had Plaintiff prevailed, it would be unrealistic not to expect an appeal. Both at trial and on any appeal, of course, there would have been yet additional costs and time incurred – expert costs, trial preparation and pre-trial motion practice costs and trial costs – and at least some risk of loss. While Plaintiff may have been able to obtain a larger amount at trial, the "proposed settlement provides for relief now, not some wholly speculative payment of a hypothetically larger amount years down the road." *Strougo v. Bassini*, 258 F. Supp. 2d 254, 260 (S.D.N.Y. Apr. 7, 2003). Avoidance of this risk, expenditure of time, and resources clearly benefits all parties and the interests of justice more broadly. *Hicks v. Morgan Stanley & Co.*, No. 01-cv-10071, 2005 U.S. Dist. LEXIS 143542, at \*6 (S.D.N.Y. Oct. 24, 2005) ("Further litigation

11

would necessarily involve further costs; justice may be best served with a fair settlement today as opposed to an uncertain future settlement or trial of the action.").

Therefore, this factor is also satisfied.

> ### d. Rule 23(e)(2)(C)(ii): The relief provided for the Class is adequate, taking into account the effectiveness of the proposed method of distributing relief to the class including the method of processing class-member claims if required.

Under this factor, the court "scrutinize[s] the method of claims processing to ensure that it facilitates filing legitimate claims" and "should be alert to whether the claims process is unduly demanding." Advisory Committee Notes. This factor is satisfied, first, because this is a case in which the Settlement Class is a defined group of specific individuals who have been identified from Defendant's records and a careful review of Housing Court records by Class Counsel, and, further, because Class Members do not have to file a claim form to receive their payment. Far from being "unduly demanding," there is no claims process at all; if the Settlement is approved, all Class Members will be directly paid. This factor is therefore satisfied.

> ### e. Rule 23(e)(2)(C)(iii): The terms of any proposed award of attorney's fees, costs and expenses, including the timing of payment.

This factor recognizes that "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement." Rule 23 Advisory Committee Notes. Here, the attorney-fee provisions were reached as a matter of a negotiation overseen by an exceedingly experienced former federal Magistrate Judge as a matter separate and apart from the recovery for the Class. Lesser Prelim. Decl. ¶ 11; Lesser Decl. ¶¶ 12, 14. Plaintiffs are seeking an award of the separately negotiated attorneys' fees amount of $560,000 and of the separately negotiated costs and expenses of $95,000. The fairness and reasonableness of these amounts is addressed at pages 15-20, below. This factor is also satisfied.

### f.  Rule 23(e)(2)(C)(iv): Any agreement required to be identified under Rule 23(e)(3).

Rule 23(e)(3) requires settling parties to "file a statement identifying any agreement made in connection with the proposal."  Here, besides the Term Sheet negotiated by the parties immediately after the mediation, which is superseded by the Settlement Agreement, there are no "side agreements" concerning this settlement. Thus, this factor is also satisfied.

### g.  Rule 23(e)(2)(D): The proposal treats Class Members equitably relative to each other.

This factor seeks to prevent the "inequitable treatment of some class members *vis-a-vis* others."  Advisory Committee Notes.  This factor is easily satisfied because each Class Member will receive the same recovery regardless of the individual circumstances of any individual member of the Class which is consistent with this action's only seeking only statutory damages.

### 2.  The *Grinnell* Factors Are Also Met.

In addition to the Rule 23(e)(2) factors, the courts within this Circuit also look to the well-known "*Grinnell*" factors, so named after *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).  *See Millien*, 2020 U.S. Dist. LEXIS 141633, *13 (applying *Grinnell*).  Specifically, the *Grinnell* factors look to "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation."  *Grinnell*, 495 F.2d at 463 (internal citations omitted).

Given the overlap with the Rule 23(e)(2) factors, *Grinnell* factors 1 and 3 – scope and stage of litigation to date and going forward – were previously addressed at the preliminary approval

memorandum (ECF No. 139) at 2-5.  The *Grinnell* "risk" factors (factors 4-6) were addressed at pages 12-14, above.  As to the reaction of the Settlement Class (*Grinnell* factor 2), as noted, there has been neither a valid Opt-Out nor substantive Objector, which certainly speaks of a positive reaction warranting approval of the Settlement.  *See Wal-Mart*, 396 F.3d at 119 ("The favorable reaction of the overwhelming majority of class members to the settlement is perhaps the most significant factor in our . . . inquiry.").

As to *Grinnell* factor 7, while presumably the Defendant here could have withstood a judgment in favor the Class, "where, as here, the other Grinnell factors weigh in favor of approval, this factor alone does not suggest the settlement is unfair."  *In re Giant Interactive Grp., Sec. Litig.*, 279 F.R.D. 151, 162 (S.D.N.Y. 2011); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 460 (S.D.N.Y. 2004) (defendant's ability to pay is less important than other factors, especially where "the other Grinnell factors weigh heavily in favor of settlement approval."). Thus, this factor does not lean against approval.

Finally, *Grinnell* factors 8 and 9 evaluate the reasonableness of the Settlement in light of a potential best possible recovery and of all the risks of litigation.  As explained above at page 6 fn. 3, although every case is different, in other credit reporting cases, settlement amounts received by class members have been approximately the same or often less than the amount here.

Accordingly, all of the *Grinnell* factors are met with this Settlement.

**C.     Class Counsel's Request for An Award of Class Counsel's Fees, Costs and Expenses Should Be Approved**

Class Counsel respectfully submit that the Court should, pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), award the separately negotiated reasonable attorneys' fees and costs in the amounts of $560,000 and $95,000, respectively, to compensate them for their work and expenses in achieving the recovery for the Class.  The amounts sought here were provide in

the Court-approved notice sent to the Class (Pirrung Decl. Ex. A at page 6 ¶ 11), and no Class Member has raised any concern or objection to these fees.  Lesser Decl. ¶ 38.

Here, the amounts requested are reasonable and are will not reduce any Class Member's recovery, as Defendant has agreed to pay these fees separately from the common fund.  For the purposes of this Motion, Defendant does not oppose Class Counsel's application for Class Counsel's Fees, Costs and Expenses.

### 1.    The Court Should Award Class Counsel's Reasonable Costs and Expenses

Class Counsel in a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action.  *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010) ("It is well-established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses.").

Here, Class Counsel paid costs and expenses in the amount of $95,000 to cover the costs of the full scope of this litigation – including the costs for such things as filing fees, deposition costs, transcripts, the notice process, legal research, travel, mediation, meals, transportation, expert witness fees, mailing and postage, and telephone usage.  *See* Lesser Decl. ¶ 40.  Class Counsel believes the costs and expenses are reasonable given the full scope of this litigation to date, are documented on the books of Class Counsel, and are reasonable in relation to the settlement obtained and should be awarded.  *Id.*  As noted, the fact that Class Counsel would seek to recover their costs and expenses was set forth in the Settlement Notice and not one member of the Settlement Classes objected.  *See* Lesser Decl. ¶ 38.  Lastly, and importantly, the requested expenses will not be paid out of the common fund, but rather will be paid separately by Defendant.  Lesser Decl. ¶ 33.

### 2.    The Court Should Award the Requested Attorneys' Fees of $560,000

In effect, Class Counsel here were seeking prevailing party fees for their effort undertaken to obtaining a recovery in favor of the Settlement Class and would, had the case proceeded to trial, sough such fees under the attorneys' fee provisions of the Fair Credit Reporting Act and the New York Fair Credit Reporting Act, both of which have fee-shifting provisions. *See* 15 U.S.C. § 1681n(a)(3); N.Y. Gen. Bus. Law. § 380-l.  Class Counsel is entitled to a "reasonable" fee award for its work in obtaining a successful result for the class, the reasonableness of which is governed by the *Goldberger* factors.  *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47, 49 (2d Cir. 2000) (directing courts to consider (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of the representation; (5) the fee's relation to the settlement; and (6) public policy considerations); *see also Millien*, 2020 U.S. Dist. LEXIS 141633, *21-22 (*Goldberger* factors apply to determination of fee shifting award approval).

### a.  Amount of Counsel Time and The Fee's Relation to the Settlement

Class Counsel have expended significant resources litigating the claims here.  Specifically, Class Counsel have expended over 1,294 hours in investigating, filing, litigating, negotiating and settling the claims subject to the Settlement.  Lesser Decl. ¶ 34.  This effort extended from commencement of the action through class certification virtually to the point of trial (assuming, as the Class Counsel believes, that Defendant's last-ditch motion for summary judgment would have been denied).  Class Counsel developed a full record setting forth the merits of the claims in the case, utilized an expert to aid their case, and would have been in a strong position to argue for Defendant's willful violation of the FCRA and NYFCRA.  *See* ECF No. 36 at 3-16 (factual recitation of record in Plaintiff's memorandum in support of class certification); ECF Nos. 36-2; 36-25, 36-30 - 36-35 (exhibits in support of that motion); and ECF No. 117-6 at 8-23 (internal

pagination) (report of Plaintiff's expert, Andrew Scherer, relying upon factual record established

by Class Counsel in case).  Class Counsel believe that it is fair to say that they vigorously pursued

the claims of the Class and were well situated to proceed to trial.  The time involved in this effort,

against which Class Counsel will suffer a loss in terms of the lodestar on their firms' books, is, we

submit, worth of recompense.  *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980)

(recognizing the importance of a financial incentive to entice qualified attorneys to devote their

time to complex, time-consuming cases in which they risk non-payment).  In addition, there is

work that will be necessary to effectuate the administration of the Settlement and advise

members of the Settlement Classes regarding their Settlement Payments, which is recognized as

necessary and compensable.[4]  As noted, the total lodestar to date is $822,499.75, which means

that the fees sought here are *below* Class Counsel's lodestar, which represents a loss on the books

and records of Class Counsel and a negative multiplier of .68.  Lesser Decl. ¶¶ 34, 39.

The total amount of the recovery for the Class will be $864,450.  This exceeds the fee

request of the negotiated $560,000 amount.  But not only are the fees (and the costs) not coming

out of the Class' recovery inasmuch as this is not a common fund settlement, but even if the fees

*exceeded* the Class's recovery, the award would be proper because it not unusual for attorneys' fees

---

[4] The additional time that will be required to administer the Settlement in the future can be
reasonably estimated to be at least another 100 hours, if not more.  Lesser Decl. ¶ 36.  Class
Members have already had questions regarding the Settlement, and such inquiries will continue
through and beyond final approval as Class Members report lost checks and request new ones,
raise questions about tax consequences, and generally call for advice.  *Id.*  There will also be time
spent overseeing the claims finalization of the settlement administration process. *Id.* This all is
reasonably considered in addressing the fee application. *See Beckman v. KeyBank, N.A.*, 293 F.R.D.
467 at 482 (S.D.N.Y. 2013) ("Class Counsel is often called upon to perform work after the final
approval hearing, including answering class member questions, answering questions from the
claims administrator, and negotiating and sometimes litigating disagreements with defendants
about administering the settlement and distributing the fund."); *accord Parker v. Jekyll & Hydye
Entm't Holdings., L.L.C.*, 08 Civ. 7670 (BSJ) (JCF), 2010 U.S. Dist. LEXIS 12762, at *7-8
(S.D.N.Y. Feb 9, 2009).

to exceed a recovery.  Indeed, it has long been well-established the attorneys' fee awards can –
and often do with consumer protection fee-shifting statutes – exceed recoveries.  *See, e.g.*, *Orchano
v. Advanced Recovery, Inc.*, 107 F.3d 94 (2d Cir. 1997) (citing cases).  And it likewise has long been
true that is no rule of proportionality in this regard, and the Second Circuit firmly has rejected
"proportionality" as the basis for a fee award.  *See, e.g.*, *Lunday v. City of Albany*, 42 F.3d 131, 134
(2d Cir. 1994); *DiFilippo v. Morizio*, 759 F.2d 231, 234 (2d Cir. 1985); *McCann v. Coughlin*, 698 F.2d
112, 129 (2d Cir. 1983); *see also generally, e.g.*, *United States Football League v. Nat'l Football League*, 887
F.2d 408, 413-15 (2d Cir. 1989) ($5.5 million fee award on $3.00 recovery); *Chambless v. Masters,
Mates & Pilots Pension Plan*, 885 F.2d 1053, 1057-60 (2d Cir. 1989) ($415,000 fee for recovering
$2,689.02 monthly pension); *Diamond D Enters. USA v. Steinsvaag*, 979 F.2d 14, 20 (2d Cir. 1992)
($41,000 contractual fee not unreasonable on a $17,000 recovery).  This is specifically recognized
as true with respect to the FCRA: "Since there will rarely be extensive damages in an FCRA
action, requiring that attorney's fees be proportionate to the amount recovered would discourage
vigorous enforcement of the Act."  *Northrup v. Hoffman of Simsbury, Inc.*, No. 3:96CV00097(AVC),
2000 U.S. Dist. LEXIS 23041, at *15 (D. Conn. March 14, 2000) (citation omitted); accord
[cases to be added].  Accordingly, the ratio of the fee request – which was separately negotiated
under the mediator's auspices and exceeds the actual lodestar – to the total settlement is most
certainly reasonable under the circumstances, and this factor supports the reasonableness of the
fee requested.

### b.  Case's Magnitude and Complexities and the Risk of Continued Litigation

This factor overlaps with the Rule 23(e)(2) and *Grinnell* factors 1, 3-4, 6, which have
already been discussed.  This factor also supports the reasonableness of the fee requested.

### c.  Quality of the Representation

This factor overlaps with the Rule 23(e)(2)(A) factor, as has previously been discussed

above, at pages 8-9.  In short, however, Class Counsel would submit that their work on behalf of

the Class has been most certainly adequate inasmuch as Class Counsel has an extensive record of

pursuing complex class action claims, including credit-reporting claims and issues arising out

housing court matters, *see* ECF. No. 36 at 22-23; ECF No. 36-1 ¶¶ 4-8 (addressing points); *see*

*Feliciano*, 332 F.R.D. at 107 (finding Class Counsel to be adequate to represent the Class in this

case), but perhaps even beyond that.  The case was fully developed in an effective manner and, as

noted, an extensive record was obtained; the class was certified over Defendant's strenuous

objections (including an effort to take an interlocutory appeal to the Court of Appeals); and the

result obtained, as discussed, is an excellent one.  Further, as to Defendant's counsel in this case,

Troutman Pepper Hamilton Sanders, LLP, it is fair to say that it is one of the most established

and substantial firms in defending against credit reporting lawsuits and quality of opposing

counsel is a factor in assessing the quality of representation where a successful outcome has been

obtained.  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720

(MKB) (JO), 2019 U.S. Dist. LEXIS 216796, at *190 (E.D.N.Y. Dec. 16, 2019) ("The quality of

opposing counsel is also important in evaluating the quality of Class Counsels' work." (quoting *In*

*re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 246 F.R.D. 156, 174 (S.D.N.Y. 2007)).

Accordingly, this factor also supports the reasonableness of the fee requested.

### d.  Public Policy Considerations

Important public policy considerations also support approval of the requested fees, costs

and expenses.  In considering attorneys' fees, courts are mindful that such awards serve the dual

purpose of encouraging representatives acting as "private attorneys' general," to seek redress for

damages to entire classes of persons and discouraging future misconduct of a similar nature.  *See*

19

*Dolgow v. Anderson*, 43 F.R.D. 472, 487 (E.D.N.Y. 1968), *rev'd on other grounds*, 438 F.2d 825 (2d Cir. 1970) ("Every successful suit duly rewarded encourages other suits to redress misconduct and by the same token discourages misconduct which would occasion suit.") (quotation omitted).

Plaintiff contends this litigation involves "important consumer and civil rights," *Millien*, 2020 U.S. Dist. LEXIS 141633, *13, because it involves allegations of willful violations by Defendant in connection with tenant screening reports to prospective landlords.  Thus, this factor supports the fee request.

Since each of the *Goldberger* factors support the reasonableness of the fee request, Class Counsel submits that the fee request should be approved by the Court.

### D.    The Service Payment to the Named Plaintiff Should Be Approved.

"The district court, in its discretion, may grant class representatives an incentive or 'service' award in addition to their allocable share of the ultimate recovery."  *In re GSE Bonds Antitrust Litig.*, No. 19-cv-1704 (JSR), 2020 U.S. Dist. LEXIS 104842, at *26 (S.D.N.Y. June 16, 2020) (citing *Dial Corp. v. News Corp.*, 317 F.R.D. 426, 439 (S.D.N.Y. 2016)).  Service Payments for "class representatives" have "an important function in promoting class action settlements." *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 355 (S.D.N.Y. 2005) (*quoting Sheppard v. Consol. Edison Co. of N.Y., Inc.*, No. 94-CV-0437, 2002 U.S. Dist. LEXIS 16314 (S.D.N.Y. Aug. 1, 2002)).

Here, Ms. Feliciano is seeking a Service Payment of $20,000.  *See* Lesser Decl. ¶ 45.  Ms. Feliciano not only agreed to "step up" and represent the Class, but also responded to discovery and was deposed as part of the litigation.  *Id.*  She also participated in strategy sessions with Class Counsel, provided factual information relating to Defendant's conduct, and assisted throughout the discovery process.  *Id.*  As such, Ms. Feliciano materially assisted the prosecution of this litigation.  Lesser Decl. ¶ 46.  Lastly, Defendant has agreed to separately pay for the Service Payment apart from the common fund established for the Class.  Lesser Decl. ¶ 26.  That this

request would be made was set forth in the Court-approved Notice to the Class, and no Class

Member has objected to this award.  Lesser Decl. ¶¶ 32, 47.[5]  Thus, Class Counsel respectfully

requests that the Service Payment award be approved.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion and enter the

attached Order Finally Approving Settlement.

Dated:  February 8, 2021          Respectfully Submitted,
Rye Brook, New York

                               By: */s/ Seth R. Lesser*
                               Seth R. Lesser
                               Jeffrey A. Klafter
                               Amir Alimehri
                               **KLAFTER OLSEN & LESSER LLP**
                               Two International Drive, Suite 350
                               Rye Brook, New York 10573
                               Telephone: (914) 934-9200
                               F. (914) 934-9220
                               E. jak@klafterolsen.com
                               seth@klafterolsen.com
                               amir.alimehri@klafterolsen.com

                               James B. Fishman
                               **FishmanLaw, PLLC**
                               400 Madison Avenue, 19th Floor
                               New York, New York 10017
                               Telephone: (212) 897-5840

                               *Attorneys for Plaintiff and the Class*

---

[5] Finally, the $20,000 award amount itself is reasonable and in the range (if not low) for similar cases.  *See, e.g.*, *Marin v. Dave & Busters, Inc.*, 15 Civ. 3608 (AKH), 2019 U.S. Dist. LEXIS 232134, at *8 (S.D.N.Y. July 19, 2019) ($35,000 incentive award); *Leo v. Appfolio, Inc.*, No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF No. 66 (final approval granted July 18, 2019 in tenant screening class action; incentive award of $30,000); *Rodriguez v. Calvin Klein Inc, et al.*, No. 1:15-cv-2590-JSR (S.D.N.Y. Mar. 21, 2016) at ECF No. 33 (final approval order awarding $15,000 in class representative in recognition of settlement in FCRA section 1681b(b)(3) case).