UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    Case No. 17-CV-05507 (AKH)
CLAUDINNE FELICIANO,
Individually and on behalf of all others
similarly situated,

                     Plaintiff,

        -against-

CORELOGIC SAFERENT, LLC,
a/k/a CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC,

                    Defendant.
-------------------------------------------------------------x

## FINAL APPROVAL ORDER AND JUDGMENT

       This matter, having come before the Court on Plaintiff's Motion for Final Approval of the

proposed class action settlement with Defendant, CoreLogic SafeRent, LLC n/k/a CoreLogic

Rental Property Solutions, LLC.  After review and consideration of the Settlement Agreement,

the papers in support of the motion, including the Lesser Declaration. all of its accompanying

exhibits, and all prior proceedings in this Action, the Court hereby finds that:

       1.     Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure

has been provided in accordance with the Court's Preliminary Approval Order (ECF No. 141).

Such Notice has been given in an adequate and sufficient manner; constitutes the best notice

practicable under the circumstances; and satisfies Rule 23(e) and due process.  All definitions

and terms set forth in the Settlement Agreement (ECF No. 138) are incorporated herein by

reference.

       2.     The Defendant has timely filed notification of this settlement with the appropriate

officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The

Court has reviewed such notification and accompanying materials and finds that the

Defendant's notification complies fully with the applicable requirements of CAFA.

3.     The Settlement Agreement was arrived at as a result of arms-length negotiations

facilitated by an experienced mediator, were conducted in good faith by counsel for the parties

and is supported by the parties.

4.     The Settlement as set forth in the Settlement Agreement is fair, reasonable, and

adequate to the members of the Class in light of the complexity, expense and duration of

litigation and the risks involved in establishing liability, damages and in maintaining the class

action through trial and appeal.

5.     The relief provided under the Settlement constitutes fair value given in exchange

for the release of claims.

6.     It is in the best interests of the parties and the Class Members and consistent with

principles of judicial economy that any dispute between any Class Member (including any

dispute as to whether any person is a Class Member) and any Released Party which in any way

relates to the applicability or scope of the Settlement Agreement or this Final Order and

Judgment should be presented exclusively to this Court for resolution by this Court.

7.     This action is a class action against Defendant on behalf of a class of consumers

that was previously certified over Defendant's objections under the following class definition

(Dkt. No. 89):

> **The Class**:  All individuals who within two years prior to the commencement of
> this action (1) were the subject of a credit report prepared by RPS; (2) prior to the
> issuance of the credit report, were a party in a Housing Court Proceeding filed in a
> New York State court, which had a disposition of dismissed, discontinued or
> withdrawn; and (3) the RPS credit report referenced the Housing Court Proceeding
> but failed to include such disposition.

The Class does not include Defendant's officers, directors, and employees; Defendant's attorneys;

the Named Plaintiff's attorneys; any Judge overseeing or considering the approval of the Settlement together with members of his immediate family and any judicial staff.  There were 1,921 Class Members who had not previously timely excluded themselves from the Class.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Class.  The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

2.      This action is hereby dismissed on the merits, with prejudice and without costs, except as provided in the Settlement Agreement and this Final Order and Judgment.  In the event that there is a *cy pres* remainder, as set forth the Settlement Agreement, the Court approves the *cy pres* recipients and distribution.

3.      Upon the Effective Date, the Released Parties shall be released and discharged by Plaintiff and the members of the Class [except for the persons identified in Exhibit A hereto who have timely and validly requested exclusion from the Action] in accordance with the Settlement Agreement and Preliminary Approval Order.

4.      Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Class [except for those persons identified in Exhibit A hereto] for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement

Agreement.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member [except those persons identified in Exhibit A hereto] in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class Members [except those persons identified in Exhibit A hereto] are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

5.     Upon consideration of Class Counsel's application for fees and costs and other expenses, Class Counsel, are hereby awarded attorneys' fees in the amount of $    560,000           , which the Court finds to be fair and reasonable, and $   95,000            in reimbursement of expenses incurred in prosecuting the Actions, which amounts Defendant has agreed to pay in addition to the consideration for the Class, and the Court hereby directs payment as provided under the terms of the Settlement Agreement.

6.     Upon consideration of the Class Counsel's application for a service award for the Named Plaintiff, the Named Plaintiff is hereby awarded a service award in the amount of $    20,000            for her services in assisting the prosecution of the case, and the Court hereby directs payment as provided under the terms of the Settlement Agreement.

7.     The parties and each Class Member [except those persons identified in Exhibit A hereto] have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

8.      If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and in such event, the parties are directed to request a Court Conference to consider a new schedule for the remaining proceedings in this Action.

9.      The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

/s/ Hon. Alvin K. Hellerstein
_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

Feb. 23, 2021
Dated: _____